[Criminal No. 636.  Filed June 2, 1926.]

[246 Pac. 550.]

# STATE, Appellant, v. CHARLES McKELVEY, Respondent.

1. CRIMINAL LAW. — Order releasing prisoner and suspending sentence affects substantial rights of state, and is therefore appealable under Penal Code of 1913, section 1155, subdivision 5.

2. CRIMINAL LAW.—At common law, order suspending further execution of sentence after accused has served portion thereof is beyond court's jurisdiction.

3. CRIMINAL LAW—COURT MAY NOT SUSPEND EXECUTION OF SENTENCE OF IMPRISONMENT, PORTION OF WHICH HAS BEEN SERVED (PEN. CODE 1913, § 1126.)—Court may not suspend execution of sentence of imprisonment, portion of which has been served, under Penal Code of 1913, section 1126; its only power being suspension of imposition of sentence thereunder.

---

See (1) 17 C. J., p. 40, n. 22.   (2) 16 C. J., p. 1314, n. 12, p. 1333, n. 48.   (3) 16 C. J., p. 1335, n. 63.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Reversed and remanded, with directions.

Mr. Arthur T. La Prade, County Attorney, and Mr. Charles A. Carson, Jr., Assistant County Attorney, for the State.

Mr. Jesse C. Wanslee, for Respondent.

LOCKWOOD, J.—On the second day of May, 1925, Charles McKelvey, hereinafter called defendant, was charged by an information filed in the superior court of Maricopa county with the offense of transporting intoxicating liquor. He was thereafter tried and con-

---

3. Power of court to suspend sentence or stay execution of sentence, see notes in 33 L. R. A. (N. S.) 112; 39 L. R. A. (N. S.) 242. See, also, 8 Cal. Jur. 455.

victed, and was, on the seventh day of May, 1925, adjudged guilty and duly sentenced; the judgment and sentence of the court being that defendant should be imprisoned in the county jail of Maricopa county for a period of nine months from the seventh day of May, 1925, and should pay a fine of $250 and, on default of payment of the money, that he should be imprisoned in said jail for 250 days, or until the fine should be satisfied in the proportion of one day in jail for every dollar of fine unpaid. Defendant was thereupon remanded to the custody of the sheriff of Maricopa county upon the judgment and a commitment duly made and filed, and was held in jail by virtue of said judgment and commitment until the twenty-first day of August, 1925. Upon that day the superior court of Maricopa county made the following order:

"Order suspending remainder of sentence on payment of $150 in 30 days from date on condition of good behavior and continuance in employment of Kay Copper Company and support of family."

The sheriff released defendant from custody upon receiving a copy of the order, and he has ever since been at large.

On September 19th, 1925, the county attorney of Maricopa county filed a petition to vacate the order of August 21st on the ground that the court was without jurisdiction to make it. November 2d, 1925, the court entered an order as follows: "Order denying motion to vacate order"—which denied the petition of the county attorney of Maricopa county, Arizona, seeking the vacation of the purported order that the court made and entered on the twenty-first day of August, 1925. From this order of November 2d, 1925, the state has appealed.

A brief has been filed in this court by appellant, but no answering brief was filed by appellee, although

his counsel signed a stipulation of facts for the purposes of the appeal. We might therefore consider this as a confession of error on his part, but, in view of the fact that the appeal involves a question novel in this jurisdiction, and of considerable importance to the orderly administration of criminal justice, we shall consider the case on its merits.

The appeal was taken under the provisions of subdivision 5, section 1155, Penal Code of 1913, which reads in part as follows:

"1155. An appeal may be taken by the state . . . from an order made after judgment affecting the substantial rights of the state."

That the order did affect the substantial rights of the state does not admit of argument. By such order defendant was released from further imprisonment under the sentence and judgment imposed by the court. The state has the right to have that sentence carried out, unless in some legal manner defendant is relieved from the penalty thereof. If the court was without jurisdiction to make the order of August 21st, the motion of the county attorney to vacate the order and to enforce the original judgment and sentence should have been granted.

It appears to be the almost universal rule that as a matter of common law, where a defendant has entered upon the execution of a valid sentence, the court has no jurisdiction, even during the term at which the sentence was rendered, to set it aside and render a new sentence. *Tanner* v. *Wiggins,* 54 Flå. 203, 14 Ann. Cas. 718, 45 South. 459; *In re Sullivan,* 3 Cal. App. 193, 84 Pac. 781; *Bradford* v. *People,* 22 Colo. 157, 43 Pac. 1013; *State* v. *Meyer,* 86 Kan. 793, Ann. Cas. 1913C 278, 40 L. R. A. (N. S.) 90, 122 Pac. 101; *State* v. *Fiester,* 32 Or. 254, 50 Pac. 561; 16 C. J. 1314. Nor can it indefinitely suspend the execution of its sentence, after the same has been pronounced,

either in whole or in part, and any such order, made either after judgment or as a part thereof, is wholly void. *Morgan* v. *Adams,* 226 Fed. 719, 141 C. C. A. 475; *State* v. *Voss,* 80 Iowa, 467, 8 L. R. A. 767, 45 N. W. 898; *Barbant* v. *Commonwealth,* 157 Ky. 130, 162 S. W. 786; *Neal* v. *State,* 104 Ga. 509, 69 Am. St. Rep. 175, 42 L. R. A. 190, 30 S. E. 858; *State* v. *Sturgis,* 110 Me. 196, 43 L. R. A. (N. S.) 443, 85 Atl. 474; *Fuller* v. *State,* 100 Miss. 811, Ann. Cas. 1914A 98, 39 L. R. A. (N. S.) 242, 57 South. 6; 16 C. J. 1333. Therefore, as a matter of common law, the order of the court suspending the further execution of the sentence after defendant had served a considerable period of the time set forth therein in jail was beyond its jurisdiction and void.

It may be contended, however, that such power was expressly given the court by paragraph 1126, Penal Code of 1913, commonly known as the "Suspended Sentence Law." This paragraph, so far as material for the purpose of this case, reads as follows:

"If it shall appear . . . that there are circumstances in mitigation of the punishment, or that the ends of justice will be subserved thereby, the court shall have power, in its discretion, to place the defendant upon probation in the manner following:

"1. The court . . . may suspend the *imposing* of sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum possible term of such sentence, and upon such terms and conditions, as it shall determine. . . .

"2. If the judgment is *to pay a fine,* and the defendant be imprisoned until it be paid, the court . . . *upon imposing sentence* may direct that the execution of the sentence of imprisonment be suspended for such period of time, not exceeding the maximum possible term of such sentence, and on such terms as it shall determine. . . . " (Italics ours.)

There are five possible sentences in a criminal case: (1) Fine with the alternative of imprisonment if it

be not paid; (2) fine without such alternative; (3) imprisonment and fine, either with or without further imprisonment for nonpayment; (4) imprisonment; and (5) the death penalty. From the foregoing quotation it appears clearly that the only case in which the statute provides for the *execution* of any sentence being suspended is where the judgment is to pay a fine, and that the defendant be imprisoned until it be paid, and this must be done at the time the sentence is imposed. In all other classes of sentences the power of the court under the statute is limited to suspending the imposition of the sentence and not the execution thereof.

The judgment in this case was one of both imprisonment and fine, the imprisonment thereunder without the alternative of any fine running until the seventh day of February, 1926; yet the court attempted to suspend the execution of the straight sentence of imprisonment, the alternative imprisonment, and the payment of the fine, and this long after the imposing of sentence and after defendant had served three months in jail thereunder. This was wholly without its jurisdiction. A court has no statutory right to suspend the execution of any straight sentence of imprisonment, by virtue of paragraph 1126, *supra*. If it desires to relieve a defendant from such imprisonment or from a fine by reason of that statute the suspension must be of the *imposition* of the sentence, and not of its *execution*, and, to suspend an alternative sentence of imprisonment, the relief must be granted at the time of imposing sentence.

It appearing that the court had no jurisdiction to suspend the execution of the judgment which it had pronounced, either as a matter of common law or of statute, the order of August 21st was void and should have been vacated upon the motion of the county

attorney. The case is reversed and the cause remanded to the superior court of Maricopa county, with directions to grant the petition of the county attorney seeking the vacation of the order of August 21st, and for such other proceedings not inconsistent herewith as may seem proper.

McALISTER, C. J., and ROSS, J., concur.