261 P.2d 997

STATE v. TELAVERA.
No. 1035.

Supreme Court of Arizona.
Oct. 19, 1953.

Ross F. Jones, Atty. Gen., Irwin Cantor and John R. Elliott, Assts. to the Atty. Gen., for appellee.

Marvin Johnson, of Phoenix, for appellant.

PHELPS, Justice.

This is an appeal from the judgment entered in the above entitled cause and from orders denying defendant's motion for a new trial, and denying his motion to withdraw plea of guilty and to enter a plea of not guilty to a charge of statutory rape.

Defendant waived preliminary hearing on this charge in the Tolleson justice court precinct and upon the evidence taken before the magistrate at the time of arraignment was bound over to the superior court on said charge. Thereafter an information was filed in the superior court charging defendant with said offense.

On March 24, 1952, defendant appeared in the superior court with his counsel, Richard Gilmore, and upon arraignment entered a plea of not guilty. The cause was thereupon set for trial on August 6. On that date defendant appeared with attorney Gilmore and withdrew his plea of not guilty and personally entered a plea of guilty to statutory rape. On the following August 13 the date appointed for imposition of sentence, the court rendered its judgment and sentence against defendant fixing his punishment at not less than 10 nor more than 20 years in the state penitentiary at Florence.

Pursuant thereto defendant was incarcerated in said penitentiary. The exact date thereof is not disclosed by the record presented to us. On August 20 defendant, through his present attorney, filed a motion for a new trial upon the alleged ground of newly discovered evidence and on the following day filed his motion for permission to withdraw his plea of guilty and to enter a plea of not guilty to the offense. These motions were presented to the court on September 10, taken under advisement, and on September 12 were denied.

An application was made on September 16 for a certificate of probable cause based on the ground stated in the motion for a new trial and motion for permission to change his plea. No indication is given in the motion for a new trial as to the nature of the newly discovered evidence but on the same date, long after the defendant had been committed to the state penitentiary the court granted the certificate and fixed bond at $1000. Upon the bond being furnished the court ordered the warden to release defendant from custody.

On the same date defendant filed his notice of appeal and assigns as error:

"(1) The denial by the trial court of defendant's motion for new trial on the ground of newly discovered evidence.

"(2) The denial by the trial court of defendant's motion for permission to change plea.

"(3) The assessing of the punishment by the trial court of a sentence of ten to twenty years in the State Penitentiary at Florence."

presumably upon the ground that counsel believes the sentence to be excessive.

Without any reservations whatever we condemn the manner in which present counsel for the defendant has handled this case both in the superior court and in this court. The slightest diligence and industry on the part of counsel would have eliminated from the record the rubbish with which it is cluttered. The motion for a new trial based upon newly discovered evidence is wholly unsupported by any document which would even tend to establish that such evidence existed. There is nothing to indicate its nature or that any witness would testify to such facts if a new trial were granted. We find in the record a document without date signed by defendant but unverified by oath of any kind in which he denies his guilt and to which is attached many typewritten copies of letters purporting to have been written to defendant in 1950 and 1951 by the minor child when she was 11 years of age. For what purpose this instrument and these letters were incorporated into the record is not clear. The only purpose they could possibly serve is to defame and disgrace a child with whom defendant states in the instrument he had been in love for some time past and with whom he admitted in open court he had had sexual intercourse. His denial of sex relations with her in the midst of the multitudinous accusations of depravity of a child who had sinned, stands out in full relief and, in its silent protest, loudly proclaims its own falsity.

To make a record of this character against a 13-year-old child is revolting to say the least and it is incredible that counsel would allow such scurrilous matter to be made a public record against her. Were she before the court charged with some offense the juvenile laws of the state would protect her against such a record.

He argued that certain things favorable to the defendant are undisputed whereas the record discloses no mention was made of

them, either favorable or unfavorable. He has also filed in this court long after the case was here on appeal a number of documents consisting of his affidavit seeking to present additional ground of appeal and makes no reference thereto in his brief, indicating an abandonment of such a ground, or that such a ground did not exist; also an affidavit of some school teacher concerning defendant's "fitness" as a citizen.

■ Both the rules of criminal procedure and numerous decisions of the court clearly show that cases in this court are determined upon the record made in the lower court. Hadley v. State, 25 Ariz. 23, 212 P. 458. The trial court correctly denied defendant's motion for a new trial. There is not the slightest showing of any evidence that would be admissible in a new trial and certainly none that was newly discovered.

It is next contended that the court erred in denying defendant's motion to withdraw his plea of guilty and to permit him to enter a plea of not guilty. Section 44–1026, A.C. A.1939, provides that:

"The court may in its discretion *at any time before sentence* permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside such judgment, and allow a plea of not guilty, or, with the consent of the county attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty." (Emphasis supplied.)

■ It will be seen that the authority of the court to permit a withdrawal of a plea of guilty is limited to the period prior to the pronouncement of sentence and even then it is discretionary with the court. In the instant case the defendant was sentenced on August 13. The judgment of commitment and the statement of facts required by law to accompany the judgment committing the defendant to the state penitentiary were signed by the trial judge on that date. While the record does not show upon what date defendant was received at the penitentiary it is reasonable to assume that he was committed thereto soon after August 13 and certainly long before September 12. When the court denied defendant's motion to withdraw his plea of guilty and to enter a plea of not guilty, he had long before that time entered upon the execution of his sentence. Therefore in addition to the above statutory limitation upon the power of the court to permit the withdrawal of a plea of guilty and enter a plea of not guilty it is enjoined from doing so after defendant had entered upon the execution of his sentence under the rule laid down in State v. McKelvey, 30 Ariz. 265, 246 P. 550.

■ The only question presented to the court on this appeal which has any merit whatever is embraced in the third assignment of error hereinabove stated verbatim. Judging from counsel's argument in his brief this is based upon the contention that the sentence is excessive. We are inclined

to agree with this view. We do not for a moment undertake to minimize the wrong done to the minor child or to in any degree condone it. But we feel that the wrong may be ascribed more to the follies of youth in this era of confusion and frustration than to a wicked and depraved heart. Defendant was approximately 17 years of age at the time, immature both in judgment and in the exercise of discretion. Therefore, pursuant to the prerogative vested in this court under the provisions of section 44-2537 A.C.A.1939, the judgment and sentence of the superior court is hereby reduced to not less than seven nor more than 10 years from the date of his incarceration in the state penitentiary, such incarceration to begin subsequent to the effective date of the mandate of the court in this case. The judgment and sentence of the trial court is in all other respects affirmed.

STANFORD, C. J., and LA PRADE, UDALL and WINDES, JJ., concur.