393 P.2d 263

STATE of Arizona, Appellee,

v.

Harry LOPEZ, Appellant.

No. 1336.

Supreme Court of Arizona.

En Banc.

June 18, 1964.

Robert W. Pickrell, Atty. Gen., Norman E. Green, County Atty., and Carl Waag, Deputy County Atty., Tucson, for appellee.

Bernard I. Rabinovitz, Tucson, for appellant.

THOMAS TANG, Superior Court Judge.

This is an appeal by defendant Harry Lopez from convictions on two counts of an information charging burglary, first degree. The facts involve burglaries of two service stations in Tucson, Arizona, one a Shell service station on East Grant Road, and the other a Mobil service station on 36th Street,

which were burglarized on or about August 27, 1962. On August 28, 1962, two detectives of the Tucson Police Department, following up on information received from a witness, went to an apartment where they found the defendant, Harry Lopez. After talking briefly with the defendant and recovering two items of incriminating evidence, the detectives took the defendant to the service stations and finally brought him to the police headquarters. The defendant, a juvenile, was interrogated some three and one-half hours, during which time two written statements were taken from him. These statements were admitted into evidence at the trial as Exhibits 4 and 5, respectively.

After the two statements were signed, the juvenile authorities were then notified for the first time by the Tucson Police Department, and the defendant was then placed in the Pima County Juvenile Detention Center. Some two weeks later, the defendant signed a third statement, which covered substantially the matters covered in Exhibit 5. This latter statement was admitted into evidence at the trial as Exhibit No. 6.

█ Defendant assigns as error the admission into evidence of the two written statements taken by the police officers prior to notifying a juvenile probation officer, pursuant to A.R.S. § 8–221. In accordance with the decision in State v. Shaw, 93 Ariz. 40, 378 P.2d 487, 87 A.L.R.2d 407, statements obtained by the persuasion of police officers before any attempt is made to notify a juvenile probation officer, pursuant to A.R.S. § 8–221, are inadmissible. Any conviction, therefore, in reliance upon them, must be reversed. Since Exhibit 4 related to one count of the information and Exhibit 5 related to the other count of the information, both convictions must be reversed and the cause remanded for new trial.

Although this is dispositive of the appeal, there are two further questions raised by the defendant which may be helpful upon any subsequent trial herein. Defendant further contends that the statement executed by him two weeks after the juvenile authorities were notified is inadmissible under the holding of the Shaw case, supra, because the third statement was merely a ratification of a prior statement which was taken during the proscribed or prohibited period.

█ From the briefs and the transcript of evidence, there is an insufficient indication as to whether the third statement, which was admitted as Exhibit No. 6, is a mere ratification of the statement previously executed by the defendant, or whether it was derived as a result of the previous statement, or whether it was made independently thereof. Accordingly, the issue whether Exhibit No. 6 constitutes tainted fruit of illegally obtained statements, and therefore inadmissible, is not squarely pre-

sented to this Court. If it is but a ratification of a forbidden act, or derived therefrom, then it ought to be excluded. From this record it cannot be said that the later confession is necessarily inadmissible merely because it coincides in essence with an earlier confession which is inadmissible for policy reasons.

Defendant's third assignment of error relates to the admission of tangible evidence discovered in a search of the defendant's apartment before the two officers took the defendant to the police station. No issue is raised as to the lawfulness of the arrest or the right of the officers to arrest. Only the question of whether or not an arrest was made at all at the time of the search is raised. The facts indicate that there was an actual restraint and a submission to the custody of the officers by the defendant. No error is found in this regard.

Because of the admission into evidence of Exhibits 4 and 5, in violation of the rule stated in State v. Shaw, supra, which was decided subsequent to the trial of this case, the convictions herein are reversed and the cause remanded for new trial.

As his fourth assignment, defendant asserts the trial court erred in its determination that it lost jurisdiction over this cause after the motion for new trial had been denied. The issue, whether jurisdiction was retained by the trial court, arose upon the following procedural facts: On January 18, 1963, subsequent to the trial of this case, defendant's motion for new trial was heard and denied. On January 31, 1963, this Court announced its decision in State v. Shaw, supra. On February 4, 1963, defendant moved for a rehearing on his motion for new trial in the light of that decision. The court denied the motion, stating that it lacked jurisdiction to grant a rehearing on the motion. Thus the question is presented, whether a trial court, after hearing and ruling upon a motion for new trial, has jurisdiction to rehear the motion. This matter should be clarified.

It is quite clear that under the common law, the trial court had inherent jurisdiction to vacate or modify his judgments and orders throughout the term of court during which they were entered. In Condos v. Superior Court, 29 Ariz. 186, 239 P. 1032, it was held that paragraph 600 of the Civil Code of 1913, providing relief from a judgment, order or other proceedings, was applicable also to criminal matters. The Condos case, supra, further held that, since terms of court no longer exist in Arizona, the statutory period of six months replaced the old common law term of court period.

Then in Sam v. State, 33 Ariz. 421, 265 P. 622, this Court reiterated the law in this field, in stating that the civil procedure rule set forth in Civil Code of 1913, paragraph 600, was applicable to criminal cases insofar as the rule codified the common law. In

the Sam case, supra, the procedural steps were somewhat similar to those in the case at bar. The trial court therein denied a motion for a new trial. Defendant then moved to vacate that order, and the court denied the motion to vacate on the ground of lack of jurisdiction, but only because an appeal had been perfected. This Court indicated that the trial court had inherent jurisdiction to modify or vacate its orders for a period of six months and could have vacated the prior order, excepting that an appeal had been perfected, which stripped the trial court of jurisdiction.

The rule presently applicable in civil cases is Rule 60(c) of the Rules of Civil Procedure, as amended, 16 A.R.S. That rule provides relief from the final judgment, order or proceeding within six months after the judgment, where the reason for relief is any one of three different grounds, such as, mistake, inadvertence, newly discovered evidence or fraud. The rule also sets forth three other grounds for relief, including any other reason justifying relief from the operation of the judgment which motion shall be made *within a reasonable time*.

Applying the reasoning, then, of Sam v. State, supra, the trial court in the absence of a specific rule or statute has inherent jurisdiction to modify and vacate its own judgments and orders in criminal cases, in accordance with Rule 60(c) of the Rules of Civil Procedure, as amended, unless such jurisdiction is sooner terminated by the perfecting of an appeal to the appellate court.

Judgment reversed.

LOCKWOOD, V. C. J., and STRUCKMEYER, BERNSTEIN and JENNINGS, JJ., concur.

NOTE: Chief Justice JESSE A. UDALL, having disqualified himself, the Honorable THOMAS TANG, Judge of the Superior Court of Maricopa County, Arizona, was called to sit in his stead and participate in the determination of this appeal.