409 P.2d 573

**STATE of Arizona, Appellee,**

v.

**Nathaniel FRANKLIN, Appellant.**

**No. 2 CA–CR 33.**

Court of Appeals of Arizona.

Jan. 12, 1966.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for appellee.

Harry Bagnall, Coolidge, for appellant.

KRUCKER, Chief Judge.

This is an appeal by the defendant from a judgment of conviction upon a plea of guilty to the charge of receiving stolen property and from the trial court's refusal to grant defendant's motion to withdraw his plea of guilty and allow a plea of not guilty.

On March 31, 1965, an information was filed charging the defendant with wilfully, unlawfully annd feloniously receiving and selling certain described welding equipment in violation of A.R.S. § 13–621, subsec. A. The defendant was arraigned on April 5, 1965, and entered a plea of guilty. On April 12, 1965, sentence was passed for a term of imprisonment in the Arizona State Prison for not less than four years nor more than five years. Thereafter, on May 13, 1965, the defendant in propria persona moved to set aside the sentence and vacate the plea of guilty. The motion was denied and the defendant, in propria persona, appealed. Counsel was appointed and this appeal perfected.

The sole question raised in this appeal is whether the trial court abused its discretion in denying defendant's motion to withdraw his plea of guilty. In his motion, defendant alleged that:

"1—At no time was the defendant confronted with an attorney.

2—Defendant was harrassed and more or less threatened by the investigator,

that it was better for him to plead guilty to receiving stolen property or face a grand theft charge.

3—The defendant was placed under the immediate status of fear and ignorance of the charges against him.

4—The defendant is not guilty of either grand theft nor receiving stolen property.

5—Defendant was promised if he plead guilty and caused the court no expense of trial attorney that he would be given a very light sentence of perhaps 1 to 2 years."

■■■ A motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court, 17 A.R.S. Rules of Criminal Procedure, Rule 188, and in the absence of a clear abuse of that discretion, its ruling will not be disturbed on appeal. State v. Valenzuela, 98 Ariz. 189, 403 P.2d 286 (1965); State v. Alford, 98 Ariz. 124, 402 P.2d 551 (1965); State v. Wilson, 95 Ariz. 372, 390 P.2d 903 (1964); State v. Jones, 95 Ariz. 4, 385 P.2d 1019 (1963); State v. Norgard, 92 Ariz. 313, 376 P.2d 776 (1962); State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962). However, the discretion of the trial court should be liberally exercised in favor of permitting the withdrawal, and where there is any showing that justice will be served thereby, any doubt should be resolved in favor of withdrawing the plea. Id.

In the above cited cases, motions were made to withdraw guilty pleas prior to sentencing and only in State v. Corvelo, supra, did our Supreme Court find sufficient circumstances present to reverse the defendant's conviction; no abuse of the trial court's discretion, in denying motions to withdraw guilty pleas, was found in the other cases cited. In the Corvelo case, the defendant was informed against on a felony charge, the information was later amended omitting the designation of the crime as a felony and the defendant pleaded guilty to the amended information. Our Supreme Court found the amended information fatally defective and held that it was an abuse of discretion to refuse withdrawal of a plea of guilty where the information on which such plea was based did not state an offense. These circumstances do not exist in this case.

■■■ Close examination of 17 A.R.S. Rules of Criminal Procedure, Rule 188, reveals the following:

"The court may in its discretion *at any time before sentence* permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside such judgment, and allow a plea of not guilty, or, with the consent of the county attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty." (Emphasis added.)

The rule seems abundantly clear. It provides that the court may exercise discretion with regard to the withdrawal of a plea of guilty "at any time before sentence," and it appears that such discretion terminates with the imposition of sentence. In the case before this Court, the defendant pleaded guilty at his arraignment on April 5, 1965, and was sentenced to the Arizona State Prison on April 12, 1965. His motion to set aside the sentence and plea of guilty was filed on May 13, 1965, after the date of his sentencing, after incarceration on such sentence, and after he began serving the sentence imposed.

■■■ In State v. Telavera, 76 Ariz. 183, 261 P.2d 997 (1953), unaffected by subsequent decisions, the defendant was charged with statutory rape, convicted and sentenced to a lengthy prison term. Preliminary hearing proceedings were waived and at his arraignment, defendant pleaded guilty. After his incarceration, he moved for a new trial, and to withdraw his plea of guilty and to enter the plea of not guilty to the offense. In interpreting Section 44-1026, A.C.A.1939, currently 17 A.R.S. Rules of Criminal Procedure, Rule 188, verbatim,

our Supreme Court stated in State v. Telavera, supra, at page 186, 261 P.2d at page 999:

"* * * that the authority of the court to permit a withdrawal of a plea of guilty is limited to the period prior to the pronouncement of sentence and even then it is discretionary with the court. * * * When the court denied defendant's motion to withdraw his plea of guilty and to enter a plea of not guilty, he had long before that time entered upon the execution of his sentence. Therefore in addition to the above statutory limitation upon the power of the court to permit the with-drawal of a plea of guilty and enter a plea of not guilty it is enjoined from doing so after defendant had entered upon the execution of his sentence under the rule laid down in State v. McKelvey, 30 Ariz. 265, 246 P. 550."

It is the conclusion of this Court that the case of State v. Telavera, supra, is controlling in this matter.

We find little merit in defendant's contention that "his constitutional rights were not safe-guarded" since counsel was not appointed to represent him during the proceedings leading to this appeal. What specific constitutional rights were violated, other than his right to counsel, apparently, is not completely clear and it is only claimed that such rights were not safeguarded Defendant seems to imply that he did not effectively waive his right to counsel and thus "his constitutional rights were not safe-guarded".

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." State v. Anderson, 96 Ariz. 123, 131, 392 P.2d 784, 790 (1964).

The record in this case, however, discloses that during arraignment proceedings, defendant was "advised of the nature of the charges against him and of his rights under the statutes." The minute entry report clearly indicates that the information was read to the defendant and that he "waives his right to an attorney and states to the court that he is ready to enter a plea at this time and enters a plea of guilty to the crime of receiving stolen property, a felony." The record further discloses that on March 29, 1965, the defendant voluntarily gave a statement to criminal investigators, which was transcribed and signed by defendant, in which he confessed commission of the crime charged and fully acknowledged that such statement was made freely, willingly and without coercion, and that he was cognizant of the possible consequences thereof.

"Q. 'Nay' is this statement free and voluntary on your part?

A. Yes, it is.

Q. Has anybody threatened you or abused you or promised you anything to get you to make this statement?

A. No.

Q. Are you presently under the influence of alcohol or narcotics?

A. No.

Q. And you understand that this statement can be used against you in a court of law?

A. Yes, sir."

Further, before the taking and recording of this statement, defendant was fully informed that he had the right to counsel, that he did not have to make any statement and that if he chose to do so, that such statement might be used against him in a court of law. This Court can find nothing in the record to show that the defendant's mind was so retarded that he could not understand the plain import of this precaution. We can only conclude from the foregoing that the record in this case clearly shows that the defendant knowingly and effectively waived his right to counsel.

This Court finds no abuse of the trial court's discretion in denying defendant's motion to set aside the sentence and vacate the plea of guilty. Judgment is affirmed.

HATHAWAY and MOLLOY, JJ., concurring.