414 P.2d 149

**STATE of Arizona, Appellee,**

**v.**

**Gerald Dean BARNES, Appellant.**

**No. 1629.**

Supreme Court of Arizona.

In Banc.

·May 11, 1966.

Darrell F. Smith, Atty. Gen., and Gary K. Nelson, Asst. Atty. Gen., David S. Ellsworth, Yuma County Atty., for appellee.

Richards & Heilman, Yuma, for appellant.

BERNSTEIN, Vice Chief Justice.

Appellant, hereinafter called defendant, appeals from the denial of a motion to withdraw his plea of guilty entered by the Superior Court of Yuma County. Defendant was charged with the crime of rape in violation of A.R.S. § 13–611 to which he entered a plea of guilty on May 19, 1965. He was sentenced on May 28th and began serving his term on May 31st. Defendant was represented by counsel when the plea of guilty was entered and at the time of sentencing.

On July 28, 1965, almost two months after the imposition of sentence and while he was imprisoned, defendant filed motions to withdraw his plea of guilty and for the appointment of counsel which motions were denied. The trial court then appointed counsel to perfect this appeal.

Counsel advises us in his brief that he is unable to find error. A.R.S. § 13–1715 compels us to search the record for fundamental error. State v. Burrell, 96 Ariz. 233, 393 P.2d 921; State v. Hanshaw, 97 Ariz. 109, 397 P.2d 220.

There are two reasons why the trial court properly denied defendant's motion to withdraw his plea. Rule 188, Rules of Criminal Procedure, 17 A.R.S., provides that the trial court may permit a plea of guilty to be withdrawn "at any time before sentence." In the case of State v. Telavera, 76 Ariz. 183, 261 P.2d 997 this court had occasion to construe the statute which preceded and contained the same language as Rule 188. Telavera had served less than one month of his sentence when he moved to withdraw his plea of guilty. We said:

> "It will be seen that the authority of the court to permit a withdrawal of a plea of guilty is limited to the period *prior to the pronouncement of sentence* and even then it is discretionary with the court." 76 Ariz. at 186, 261 P.2d at 999. (Emphasis supplied)

In other words, the trial court cannot entertain a motion to withdraw a plea of guilty after pronouncing sentence whether

or not defendant has started to serve his term.

The court in Telavera said:

"* * * in addition to the above statutory limitation upon the power of the court to permit the withdrawal of a plea of guilty and enter a plea of not guilty it is enjoined from doing so after defendant had entered upon the execution of his sentence under the rule laid down in State v. McKelvey, 30 Ariz. 265, 246 P. 550." 76 Ariz. at 186, 261 P.2d at 1000.

In the McKelvey case we said:

"It appears to be the almost universal rule that as a matter of common law, where a defendant has entered upon the execution of a valid sentence, the court has no jurisdiction, even during the term at which the sentence was rendered, to set it aside and render a new sentence. (citations omitted)   Nor can it indefinitely suspend the execution of its sentence, after the same has been pronounced, either in whole or in part, and any such order, made either after judgment or as a part thereof, is wholly void. (citations omitted)   Therefore, as a matter of common law, the order of the court suspending the further execution of the sentence after defendant had served a considerable period of the time set forth therein in jail was beyond its jurisdiction and void." 30 Ariz. at

267–268, 246 P. at 550.   See also State v. Edge, 96 Ariz. 302, 394 P.2d 418.

 We have examined the entire record and find no fundamental error.

Affirmed.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concurring.