431 P.2d 105

The STATE of Arizona, Appellant,

v.

Bobby Ray DIXON, Appellee.

No. 2 CA–CR 83.

Court of Appeals of Arizona.

Aug. 22, 1967.

Rehearing Denied Oct. 11, 1967.

Darrell F. Smith, Atty. Gen., Phoenix, William J. Schafer, III Pima County Attorney, Jacqueline Schneider, Deputy County Attorney, Tucson, for appellant.

Giles & Moore, by Charles M. Giles, Tucson, for appellee.

HATHAWAY, Chief Judge.

The State of Arizona has appealed from an order of the superior court entered in Pima County vacating a prison sentence previously imposed and ordering that imposition of the sentence be set aside and that the appellee, Bobby Ray Dixon, be released from custody of the sheriff and again assume his probationary status.

The facts out of which this appeal arose are uncontested and are as follows. On February 9, 1966, the appellee plead guilty to a charge of burglary, case No. A-15101, and the court entered judgment that imposition of sentence be suspended for a period of five years and that the defendant be placed on probation during such period.

On January 21, 1966 a complaint was filed against the appellee in justice court in Tucson, charging him with burglary, grand theft and receiving stolen property. The appellee was bound over to superior court and an information was filed pursuant to this complaint on September 2, 1966, case No. A-15449.

On August 15, 1966, the chief deputy adult probation officer filed a petition to revoke the probation of the appellee. On the following day, a hearing on the petition was held before Judge Collins. The court found that the appellee had violated the provisions of probation, case No. A-15101, and a minute entry order was entered granting the petition to revoke probation and sentencing the appellee to five years in the state penitentiary. However, on September 6, 1966, the court entered a subsequent minute entry order stating:

"The court makes a specific finding that the defendant's [appellee's] probation was revoked in this case because of the filing of charges against him in Case

No. A-15449 and therefore, if the defendant were to be found innocent of the charges filed against him in Case No. A-15449, it will go a long way toward this Case No. A-15101."

In other words, the court made a specific finding that the sole basis for revocation of the probation of the appellee was the filing of the charges against the appellee in case No. A-15449 and that if the appellee were found innocent of these charges then the court reserved the right to reinstate probation.

On October 27, 1966, the court made the following minute entry order:

"It appearing to the court by minute entries dated August 16, 1966, and September 6, 1966, that there was a finding by the court that the defendant had failed to abide by the provisions of his probation, and that the Petition to Revoke Probation was granted, and thereupon sentence was imposed * * * but said revocation being specifically conditioned upon defendant's being found guilty on the charges made against him in Case No. A-15449.

"And it further appearing to the court that on October 26, 1966, the defendant was found innocent in a jury trial of the charges in said Case No. A-15449.

"Now, therefore, it is ordered that the findings and sentence imposed by the court in minute entry dated August 16, 1966, be and they are hereby set aside for the reasons set forth in the minute entry dated September 6, 1966, and by further reason of the Not Guilty Verdicts returned in said Case No. A-15449."

The State appeals from this order of October 27, 1966, contending that the court had lost jurisdiction of case No. A-15101 after it revoked the probation of the appellee and the appellee was committed to the state prison and served a portion of his sentence. The appellee contends that the court does have the jurisdiction to condition, revoke or modify its orders and judgments.

█ We conclude that the trial court had jurisdiction to enter the foregoing minute entries. Rule 60(c) of the Arizona Rules of Civil Procedure, 16 A.R.S. provides:

"On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, *order* or proceeding for the following reasons:

\* \* \* \* \* \*

"(6) [A]ny other reason justifying relief from the operation of the judgment." (Emphasis supplied.)

If this rule has meaning, it should clearly apply to the action of the trial court's conditioning its minute entry order as it did here and its subsequent revocation of its prior order and reinstatement of the probationary period of the appellee. State v. Lopez, 96 Ariz. 169, 393 P.2d 263 (1964). Reason and justice cannot permit, as the State contends, that the appellee should now be compelled to serve the remainder of his five year sentence in prison because he was subsequently charged with a crime which he was found not to have committed.

In the *Lopez* case the issue was whether the trial court had lost jurisdiction over the cause after the motion for new trial had been denied. The Supreme Court, citing Sam v. State, 33 Ariz. 421, 265 P. 622 (1928), held at page 172 of 96 Ariz., page 266 of 393 P.2d:

"* * * the trial court in the absence of a specific rule or statute has inherent jurisdiction to modify and vacate its own judgements and orders in criminal cases, in accordance with Rule 60(c) of the Rules of Civil Procedure, as amended, unless such jurisdiction is sooner terminated by the perfecting of an appeal to the appellate court."

█ We believe that the Supreme Court has announced above that the only exception to the inherent jurisdiction given to the trial court under Rule 60(c) is where an appeal to the appellate court has been perfected. *Lopez* being the latest pronounce-

ment on this point, we cannot agree with the State's contention that a second exception to this Rule should arise when a defendant, convicted of a criminal charge, has been committed to prison and has begun his sentence.

The order and judgment of the trial court is affirmed.

MOLLOY, and KRUCKER, JJ., concur.