451 P.2d 901

The STATE of Arizona, Appellee,

v.

Leland R. BROWN, Appellant.

No. 2 CA–CR 140.

Court of Appeals of Arizona.

March 18, 1969.

Gary K. Nelson, Atty. Gen., Phoenix, by Carl Waag, Asst. Atty. Gen., for appellee.

Ronald W. Sommer, Tucson, for appellant.

KRUCKER, Judge.

Appellant, Leland R. Brown, was charged with four counts of drawing a check on in-

sufficient funds with intent to defraud, A.R.S. § 13–316, as amended. He entered a plea of guilty to one count and the other three counts were dismissed on motion of the county attorney. He was duly sentenced on September 5, 1967, to the Arizona State Prison. No appeal was taken or perfected. Eleven months after the sentence was imposed, defendant filed a motion for hearing in mitigation under Rule 336, Rules of Criminal Procedure, 17 A.R.S. This motion was denied by the trial court, and defendant takes this appeal.

Defendant's motion for hearing in mitigation under Rule 336 presents essentially the same circumstances as had been presented by counsel at sentencing. No specific reasons were given by the trial court in denying the motion. In appealing from the denial of his motion, defendant claims he has a right to a hearing on the issue of the involuntariness of his plea of guilty. Due to the unexplained denial of defendant's motion, defendant alleges error in the alternative:

"1. It would have been error for the trial court to disclaim jurisdiction or

2. The trial court erred because the hearing on an involuntary plea is mandatory."

Recently in Arizona there has developed some confusion as to when and to what extent trial courts have jurisdiction to modify sentences once defendant is incarcerated.

In State v. Barnes, 100 Ariz. 334, 414 P.2d 149 (1966), defendant was convicted of rape and commenced serving his sentence. He then moved to withdraw his plea of guilty, but it was denied. He appealed. The Arizona Supreme Court held that under Rule 188, Rules of Criminal Procedure, defendant is allowed withdrawal of a plea only up to sentencing. It also held, that by common law, no jurisdiction lies to alter sentence once execution has begun. Citing State v. McKelvey, 30 Ariz. 265, 246 P. 550 (1926):

"It appears to be the almost universal · rule that *as a matter of common law, where a defendant has entered upon the*

*execution· of a valid·sentence, the court has no jurisdiction, even during the term at which the sentence was rendered, to set it aside and render a new sentence.* [Citations omitted.] Nor can it indefinitely suspend the execution of its sentence, after the same has been pronounced, either in whole or in part, and any such order, made either after judgment or as a part thereof, is wholly void. [Citations omitted.] Therefore, as a matter of common law, the order of the court suspending the further execution of the sentence after defendant had served a considerable period of the time set forth therein in jail was beyond its jurisdiction and void." 30 Ariz. at 267, 246 P. at 550.

In State v. Lopez, 96 Ariz. 169, 393 P.2d 263 (1964), the court held that:

"* * * the trial court in the absence of a specific rule or statute has inherent jurisdiction to modify and vacate its own judgments and order in criminal cases, in accordance with Rule 60(c) of the Rules of Civil Procedure, as amended, unless such jurisdiction is sooner terminated by the perfecting of an appeal * * *." 96 Ariz. at 172, 393 P.2d at 266.

In State v. Churton, 9 Ariz.App. 16, 448 P. 2d 888 (1968), we attempted to reconcile the seeming disparity of these views. The defendant sought a new trial after being convicted and sentenced upon his plea of guilty. We followed *Barnes* generally, in denying "jurisdiction" once sentence was imposed, recognizing however the *Lopez* rule for vacating judgments under Rule 60(c).

Rule 60(c), Rules of Civil Procedure, as amended, sets forth the following specific grounds for vacating a judgment:

"60(c) Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered

evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) *any other reason justifying relief from the operation of the judgment.* The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than six months after the judgment, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant served by publication as provided by Rule 59(j) or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action. * * *" (Emphasis supplied)

In applying this rule to criminal cases our Supreme Court has held that an involuntary plea of guilty or a "guilty plea procured by fraud or duress" is a ground for setting aside a judgment based on such plea. State v. Jennings, Ariz., 448 P.2d 59 (1968); State v. Murray, 101 Ariz. 469, 421 P.2d 317 (1966); Silver v. State, 37 Ariz. 418, 295 P. 311 (1931).

A recent Arizona case, State v. Dixon, 6 Ariz.App. 210, 431 P.2d 105 (1967), suggests that Rule 60(c) (6) infinitely expands the inherent "jurisdiction" of the trial court short of appellate perfection. In that case, defendant pleaded guilty to burglary and was put on probation. It came to the court's attention that defendant was elsewhere charged with the same crime. A hearing was held and probation was revoked subject to the outcome of the pending case. Defendant was found innocent of the other charges and the court revoked its revocation of the probation. The state appealed contending jurisdiction had been lost to revoke the revocation. The court held:

"* * * the Supreme Court has announced above that the only exception to the inherent jurisdiction given to the trial court under Rule 60(c) is where an appeal to the appellate court has been perfected. *Lopez* being the latest pronouncement on this point, we cannot agree with the State's contention that a second exception to this Rule should arise when a defendant, convicted of a criminal charge, has been committed to prison and has begun his sentence." 6 Ariz.App. at 211–212, 431 P.2d at 106.

The extent to which Rule 60(c) § 6 should be expanded to eradicate the *Barnes* and *McKelvey* common-law principle must be decided on a case by case basis. *Dixon* should not be cited as authority for the broad rule that Rule 60(c) (6) has no limits other than perfection by appeal. Its holding should be restricted to its facts; continuing jurisdiction exists to revoke revocation of probation contingent on a second trial outcome.

In the instant case, defendant requests this court rule that a hearing of mitigation of sentence is allowed under Rule 60(c) (6) once sentence has begun. This court cannot agree. Rule 60(c) was never meant to be used to relitigate issues already raised by motion and heard before the court. 3 W. Barron & A. Holtzoff, Federal Practice & Procedure With Forms, at 401. It is not to be used merely because defendant is unhappy with the result. Holtzoff, at 406. The defendant in this case moved for a hearing to which he is entitled under Rule 336, Rules of Criminal Procedure. However, defendant Brown had his hearing at sentencing, if informally, and he is not entitled to try again.

This court also does not believe that the evidence at sentencing presented

to the trial court in regard to the "deal" with the police officer should now be considered as indications of an involuntary plea. The defendant did not petition the court to set aside his plea. This is not a matter of being bound by labels, for courts should not be so bound. Goodman v. State, 96 Ariz. 139, 393 P.2d 148 (1964); Application of Buccheri, 6 Ariz.App. 196, 431 P. 2d 91 (1967); State v. Churton, 9 Ariz.App. 16, 448 P.2d 888 (1968). We feel the matter is substantive. If defendant now wants to relinquish his plea bargain and open the dismissed charges against him, he must make the election himself.

Judgment affirmed.

MOLLOY, C. J., and HATHAWAY, J. concur.