472 P.2d 82

**The STATE of Arizona, Appellee,**

v.

**Jeff Allen WEIL, Appellant.**

**No. I CA–CR 252.**

Court of Appeals of Arizona,
Division 1.

June 29, 1970.

Rehearing Denied July 24, 1970.

Review Denied Oct. 13, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

KRUCKER, Judge.

Appellant, Jeff Allen Weil, after the entry of judgment on a plea of guilty to first degree burglary, appeals.

The questions raised by this appeal are whether the acceptance of the guilty plea conforms to the standards of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and whether the sentence and judgment are valid when the court failed to advise defendant of the maximum sentence that could be imposed.

Two informations had been filed against the appellant, Nos. 59073 and 59074, in

Maricopa County Superior Court. The appeal before us involves No. 59073 charging burglary in the first degree. After a preliminary hearing before a magistrate, the defendant was bound over to the superior court on the two charges and two informations filed.

■ No doubt a plea bargain was made, but the law of this State authorizes this under proper circumstances. State v. Brown, 9 Ariz.App. 323, 451 P.2d 901 (1969). The defendant appeared before the superior court on September 8, 1969, withdrew his plea of not guilty to first degree burglary, and entered a plea of guilty. It is stated that the other charge, No. 59074, was to be dismissed, which was subsequently done.

The defendant was represented by counsel, the public defender, at all times, including the preliminary hearing. Defendant was also present during all proceedings, including those in superior court.

It is admitted by the State that the judge pronouncing sentence did not advise defendant of the possible maximum sentence as prescribed in *Boykin*. However, defendant did not receive the maximum sentence, which is fifteen years, but a sentence of three to five years. He was given credit for all the time he was imprisoned in the county jail, the judge dating the sentence of September 17, back to June 20, 1969, the time of defendant's incarceration. Defendant's counsel informed the court that the defendant was advised that the maximum sentence could be fifteen years.

The transcript of the hearing on the change of plea reflects the following:

\* \* \* \* \* \*

"MR. GOLSTON: Defendant is present, Your Honor, and ready with counsel.

THE COURT: Come forward.

MR. GOLSTON: Your Honor, at this time the Defendant would ask leave of the court to withdraw his former plea of not guilty on Information No. 59073, and change that plea to guilty on that Information. The County Attorney has stated that Information No. 59074 will be dismissed. And I have explained to the Defendant that he could receive—that this is a felony, *he could receive time in the State Prison, up to fifteen years*. I have not promised him probation or any other sentence in this matter, and no one has threatened him to force him to change his plea. He has informed me that he does desire to change his plea at this time regarding Information No. 59073.

\* \* \* \* \* \*

THE COURT: And how much schooling have you had, Mr. Weil?

MR. WEIL: Ninth grade, sir.

THE COURT: Are you aware of the proceedings taking place here today?

MR. WEIL: Yes sir.

THE COURT: You understand then?

MR. WEIL: Yes sir.

THE COURT: And you are aware that this is an occasion whereby you may enter a plea of guilty, but that the court has no idea at this time to what the sentence might be in this matter?

MR. WEIL: Yes sir.

THE COURT: And on that basis, the court having been informed that you wish to enter a plea of guilty to the information to burglary first degree, a felony, in Cause No. 59073, is that your wish?

MR. WEIL: Yes sir.

"THE COURT: Now, have you talked with your attorney, Mr. Golston, as to what may happen as to the result of your pleading guilty?

MR. WEIL: Yes sir.

THE COURT: And have any promises of leniency or promises of probation been made to you?

MR. WEIL: No sir.

THE COURT: Have you been threatened or coerced in any manner to get you to make this plea?

MR. WEIL: No sir.

THE COURT: Now, you are aware that by entering a plea of guilty you are giving up your right to a jury trial and right to call witnesses and other constitutional rights that go along with a jury trial?

MR. WEIL: Yes sir.

THE COURT: Now, are you guilty, Mr. Weil, of the charge of burglary, first degree, a felony?

MR. WEIL: Yes sir.

THE COURT: And are you aware that a plea of guilty, if accepted by the court, could result in a prison sentence at the State Prison?

MR. WEIL: Yes sir.

THE COURT: And you are entering this of your own free will?

MR. WEIL: Yes sir.

THE COURT: Any questions which you wish to ask your attorney or the court?

MR. WEIL: No sir.

THE COURT: The court finds that the Defendant's request to withdraw his former plea of not guilty and to enter a plea of guilty to the charge in the Information in Cause No. 59073, *is made knowlingly,* [sic] *voluntarily, and intelligently.* Leave is granted to withdraw the former plea and to enter a plea of guilty to the charge in the amended Information." (Emphasis added)

\* \* \* \* \* \*

In *Boykin,* supra, it is stated:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. \* \* \* Second, is the right to trial by jury. \* \* \* Third, is the right to confront one's accusers. \* \*" 89 S.Ct. at 1712.

This court believes that under the circumstances the *Boykin* requirements were sufficiently met. *Boykin* was a robbery case, punishable by death. There was no indication as to what the maximum penalty was and no record upon which the Supreme Court of the United States could determine if there had been a waiver of constitutional rights. In the case before us, there was a determination by the court that the plea was made knowingly, voluntarily and intelligently, and that the public defender had advised the defendant of the maximum penalty.

The record also indicates that the trial judge made a thorough investigation and obtained a complete report from the probation officer and that there was a nine-day investigatory period between the entry of the guilty plea and the pronouncement of sentence. Further, at the time of sentencing the defendant was afforded an opportunity to make any objections or showing of legal cause why sentence should not be pronounced.

At the preliminary hearing the defendant was confronted by the witnesses against him, and there was adequate and complete cross-examination as reflected by the reporter's transcript of the hearing.

We believe that the facts as brought out and found by the trial court show that *Boykin* was fully and completely complied with.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.