499 P.2d 166

**John Lawrence HEMMER, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, Honorable John P. Collins, Judge of the Superior Court, Respondents.**

**No. 2 CA–CIV 1256.**

Court of Appeals of Arizona,

Division 2.

July 27, 1972.

Healy & Beal, P. C. by William T. Healy, Tucson, for petitioner.

Rose Silver, Pima County Atty., by Jerry Schmidt, Deputy County Atty., and Barbara Gelband, Third year law student, University of Arizona Law School, as authorized by Rule 28(E), Tucson, for respondents.

HATHAWAY, Judge.

This special action proceeding seeks review of a ruling of the respondent court with respect to petitioner's motion to modify a sentence previously imposed for a conviction of attempted grand theft. The sole basis for the court's ruling was that it lacked jurisdiction to vacate a sentence already imposed. The court did indicate, however, that it would be inclined to grant the request were it not for the "jurisdictional" impediment. Since relief by way of special action is the appropriate vehicle to determine whether a lower court has abused its discretion in refusing to accept jurisdiction, Genda v. Superior Ct., 103 Ariz. 240, 439 P.2d 811 (1968), we assume jurisdiction.

We believe that the decision of this court in State v. Dixon, 6 Ariz.App. 210, 431 P.2d 105 (1967) is dispositive of the issue of jurisdiction. We held, citing the Arizona Supreme Court's decision of State v. Lopez, 96 Ariz. 169, 393 P.2d 263 (1964) that the only exception to a trial court's inherent jurisdiction to modify and vacate its own judgments in criminal cases, in accordance with Rule 60(c), is where an ap-

peal to the appellate court has been perfected. In *Dixon* we specifically rejected the state's contention that a second exception to the rule should arise when a defendant, convicted of a criminal charge, has been committed to prison and has begun his sentence.

Our conclusion is that the respondent court did have jurisdiction to determine the merits of petitioner's motion and we therefore direct further proceedings not inconsistent with this opinion.

KRUCKER, C. J., and HOWARD, J., concur.