514 P.2d 1254

**STATE of Arizona, Appellee,**
**v.**
**Russel SWINGLE, Appellant.**
**No. 1638–2.**

Supreme Court of Arizona,
In Division.
Oct. 24, 1973.

Gary K. Nelson, Atty. Gen., Peter Van Orman, Ronald R. Crismon, Asst. Attys. Gen., Phoenix, for appellee.

Mathis Becker, Phoenix, for appellant.

LOCKWOOD, Justice:

On August 30, 1960, Russel Swingle, after a jury trial, was sentenced on three counts of rape to three terms of ten to fifteen years imprisonment. Counts one and two were to run concurrently and count three was to run consecutively with counts one and two. Swingle, hereinafter referred to as the appellant, did not appeal within the sixty days required by 17 A.R.S. Arizona Rules of Criminal Procedure, Rule 348. On November 2, 1965, appellant's motion for delayed appeal was denied by the Arizona Supreme Court. On December 13, 1971, the appellant filed a motion to vacate in the Navajo County Superior Court. Appellant listed 39 separate grounds for his motion. The motion to vacate was denied on January 20, 1972. The lower court ruled that the matters contained therein were matters for determination on appeal and not by way of post-conviction remedy. From the denial of that motion the appellant appealed to this court.

We have held that the trial court may modify or vacate its judgments or sentences if the defendant is able to bring himself within the provisions of Rule 60(c) of the Rules of Civil Procedure, 16 A.R.S. State v. Hanley, 108 Ariz. 144, 493 P.2d 1201 (1972). This court has stated:

"* * * the trial court in the absence of a specific rule or statute has inherent jurisdiction to modify and vacate its own judgments and orders in criminal cases, in accordance with Rule 60(c) of the Rules of Civil Procedure, as amended, unless such jurisdiction is sooner terminated by the perfecting of an appeal to the appellate court." State v. Lopez, 96 Ariz. 169, 172, 393 P.2d 263, 266 (1964).

No appeal had been perfected at the time the motion to vacate the judgment was filed. The trial court still had jurisdiction to modify or vacate the judgment provided the appellant could bring himself within the provisions of the rule. The appellant has characterized the denial of the lower court as a perfunctory order with no at-

tempt to decide the matters on its merits. However, the order of the court suggests that the court did examine the appellant's allegations and determine that the matters contained therein were matters for appeal and not proper grounds for a motion to vacate.

■ The proper grounds for a motion to vacate in criminal matters are set out in Rule 60(c) of the Rules of Civil Procedure, 16 A.R.S. They are (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) judgment has been satisfied; and (6) any other reason justifying relief from operation of the judgment. The motion should be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order or proceeding was entered or taken.

■ Appellant lists thirty-nine separate grounds in the motion to vacate. The major portion of the grounds relied on in appellant's motion are comments upon the strength or weakness of the evidence presented at trial. As such they are not proper grounds for a motion to vacate. State v. Brown, 9 Ariz.App. 323, 451 P.2d 901 (1969).

■ Other grounds closely parallel this type of argument and merely attempt to discredit the testimony of the complaining witnesses. Rule 60(c) was not meant to be used to relitigate issues already raised and heard before the court. It was not meant to be used merely because the defendant was unhappy with the results. Thus these grounds cannot be used as a basis for vacating the judgment. State v. Brown, supra.

Appellant's claim concerning the concurrent and consecutive sentences has been previously raised and decided by the Arizona Court of Appeals on June 19, 1968

when it issued a short opinion denying appellant's writ of habeas corpus.

Appellant also raised two grounds of such a general nature that it is impossible to answer them or make any decision concerning them.

■ The various alleged technical errors in the pleadings and pretrial proceedings cited by the appellant were properly rejected by the trial court as being improper grounds for a motion to vacate.

■ The four other grounds raised by appellant concerning jury instructions, exclusion of witnesses from the courtroom and the effect of the prosecutor's arguments to the jury do not fall within the provisions of the rule.

■ A number of grounds set forth in the motion concern the competency of counsel. Competency of counsel under appropriate circumstances may form the grounds for a motion to vacate. However appellant has failed to properly support his statements and we can only assume that these are merely more general claims without factual foundation.

■ Appellant also criticizes his attorney's competence. We have held that conduct of counsel will be held ineffective only when it is shown to be farcical or a sham. Kruchten v. State, 101 Ariz. 186, 417 P.2d 510 (1966). In the instant case the appellant merely disagrees with his counsel's technique without asserting any facts that would show that it was farcical or a sham. Under these circumstances a motion to vacate on these grounds is wholly inappropriate.

■ Finally appellant claims that the trial court lacked jurisdiction because the crime occurred outside the county. However, appellant fails to offer any evidence or make any factual allegations as to where the crime did occur. He merely says that no evidence as to location was presented at trial. This question could easily have been answered by an examination of the record on appeal. We can only

conclude that the appellant is attempting to do by a motion to vacate what he neglected to do by appeal.

Rule 60(c) provides that a motion to vacate must be made within a reasonable time. In the instant case the appellant offers no explanation for his eleven year delay in filing his motion. Even in the case of default judgments which are highly disfavored by the courts, the judgment will not be vacated when unreasonably delayed. C. Meisel Music Co. v. Perl, 3 Ariz.App. 479, 415 P.2d 575 (1966). In light of the unexplained delay in filing his motion and the appellant's failure to show or allege facts which would bring him within the scope of the rule, we hold that the lower court did not err in denying appellant's motion.

Order of the superior court denying the motion to vacate affirmed.

CAMERON, V. C. J., and HOLOHAN, J., concur.