628 P.2d 966

**Deborah E. ANDERSON, Plaintiff/Appellant,**

v.

**Daniel J. HAWKINS, Defendant/Appellee.**

**No. 2 CA–CIV 3787.**

Court of Appeals of Arizona, Division 2.

March 27, 1981.

Rehearing Denied April 22, 1981.

Review Denied May 27, 1981.

---

**84**

Higgins & Sinema by Dan A. Sinema, Tucson, for plaintiff/appellant.

Robert F. Hughes, Glendale, for defendant/appellee.

## OPINION

HATHAWAY, Chief Judge.

Appellant (plaintiff) brought suit on two promissory notes. One of the notes was given on April 27, 1976, and was for $30,000 with interest at 16%. The other note was given on July 10, 1976, and was for $5,000 with interest at 1%. Appellee (defendant)[1] answered and set up usury as an affirmative defense.

Plaintiff filed a motion for summary judgment. The motion, orally opposed by defense counsel, was granted on March 24, 1980, and judgment was entered thereon on April 3, 1980.

On July 1, 1980, defendant filed a motion under 16 A.R.S., Rules of Civil Procedure, rule 60(c)(6), to set aside the judgment. The motion was granted on July 7, 1980, over plaintiff's opposition. Plaintiff appeals from the order entered thereon, contending that the trial court acted without jurisdiction.[2] We agree and reverse.

Plaintiff questions on appeal whether the superior court has power to set aside a judgment more than 15 days after its entry, either *ex mero motu* or on a party's motion, for alleged errors of law; and if so, whether it abused its discretion in setting aside the judgment.

Plaintiff argues that a rule 60(c) motion cannot be used to correct errors of law, and that defendant's motion was improperly employed to that end in the trial court, the time for a new trial under rule 59 having expired and the time for appeal having passed. In *State v. Swingle*, 110 Ariz. 66, 68, 514 P.2d 1254, 1256 (1973), our supreme court stated:

"Rule 60(c) was not meant to be used to relitigate issues already raised and heard before the court. It was not meant to be used merely because the defendant was unhappy with the results. Thus these grounds cannot be used as a basis for vacating the judgment. (citation omitted)"

In *Arizona State Department of Economic Security v. Mahoney*, 24 Ariz.App. 534, 536, 540 P.2d 153, 155 (1975), we observed:

"Rule 60(c) is not designed to be a substitute for appeal (citation omitted), nor is it designed to be a vehicle for relitigating issues. (citation omitted)"

In *Welch v. McClure*, 123 Ariz. 161, 164–165, 598 P.2d 980, 983–984 (1979), the court acknowledged:

". . . that in proper circumstances an untimely motion for new trial could be treated as a motion for relief from judgment under rule 60(c). This is the practice in the federal courts as is pointed out in 6A Moore's Federal Practice, ¶ 59.09[3], which states:

'. . . If, however, the [new trial] motion is not timely, the trial court may not exercise any discretion, but is obligated to deny the motion for lack of power to grant new trial relief; although the court may treat the untimely motion as one for relief under Rule 60, which has a much longer time limit, *if the facts alleged in the motion warrant relief under the latter rule.*' " (Emphasis in original)

The situation in the instant case appears to be the reverse of that in *Welch v. McClure, supra.* Here, the motion was purportedly

---

1. Defendant Richard Anderson, co-maker on the notes, is not a party to this appeal.

2. The Honorable John P. Collins, former judge, ruled on plaintiff's motion for summary judgment. The Honorable James C. Carruth granted defendant's rule 60(c)(6) motion.

under rule 60(c)(6), but appears to raise the complaint that the $30,000 note was usurious and that there was no foundation for the attorney's fees. The motion would appear to have properly been brought as one for new trial under rule 59(a)(8), on the basis that the "judgment is not justified by the evidence or is contrary to law."

There appears to be no showing of any special circumstances justifying the relief given the defendant, nor is there any indication but that the defendant simply chose not to move for a new trial or to appeal from the summary judgment for plaintiff. *Stewart Securities Corp. v. Guaranty Trust Co.*, 71 F.R.D. 32 (W.D.Okla. 1976). The "catch all" clause of rule 60(b)(6), the federal equivalent of our rule 60(c)(6), has been read not to encompass a claim of error for which appeal is a proper remedy. *Wagner v. United States*, 316 F.2d 871 (2nd Cir. 1963). The failure to prosecute an appeal has been held to bar relief under the rule in all but exceptional circumstances. *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645 (1st Cir. 1972).

We are unable to discern from the record before us that the defendant made a sufficient showing in the trial court to warrant relief under his rule 60(c)(6) motion.[3]

The order setting aside the summary judgment is vacated and the judgment in favor of plaintiff is reinstated.

HOWARD and BIRDSALL, JJ., concur.

---

3. Although the parties do not discuss the matter, it would appear that at the time the motion for summary judgment was granted on March 24, 1980, and when judgment was entered thereon on April 3, 1980, the $30,000 note was usurious under the statute then in effect. Also, when the defendant filed under rule 60(c)(6) to set aside the judgment and when the order was entered setting aside the judgment on July 24, 1980, the rate of interest on the $30,000 note appears to have been legal under A.R.S. Sec. 44–1201(A), effective April 23, 1980, which provides: