394 P.2d 418

**STATE of Arizona, Appellee,**

v.

**Lee EDGE, Appellant.**

No. 1454.

Supreme Court of Arizona.

En Banc.

July 21, 1964.

Robert W. Pickrell, Atty. Gen., Richard J. Riley, County Atty., Cochise County, for appellee.

Robert J. Snyder, Jr., Sierra Vista, for appellant.

UDALL, Chief Justice.

This is an appeal from a finding and judgment of the Superior Court of Cochise County rendered February 3, 1964, revoking appellant's suspended sentence and probation for violating the terms of his probation. Appellant had appeared in the Superior Court December 6, 1962, for arraignment on the charge of burglary in the nighttime. Upon inquiry by the court, appellant replied that he did not desire an attorney to represent him and entered his plea of guilty of the offense charged. He was sentenced to imprisonment in the state prison for a term of not less than four nor more than seven years; however, the execution of the sentence was suspended for the period of five years from January 8, 1963, and he was placed on probation.

The record indicates that upon application of the county attorney for revocation of probation appellant was brought before the court on November 13, 1963. A hearing was held and the county attorney's application denied. Thereafter another application for revocation of the suspended sentence and probation was filed by the chief probation officer. On February 3, 1964, this matter came on for hearing in the superior court at which the appellant appeared without counsel. A statement was made by the probation officer but no transcript of his remarks is contained in the record. The court found that appellant had violated the terms of his probation and revoked the same. Accordingly he was remanded to the custody of the sheriff to serve the sentence originally imposed.

Appellant was incarcerated and then filed a notice of appeal in propria persona in the Superior Court of Cochise County accompanied by a pauper's affidavit and a motion for appointment of legal counsel. Counsel was appointed and the Court Reporter ordered to prepare such transcripts of hearings as the attorneys may request. A certified copy of the record on appeal was prepared by the Clerk; however, no transcripts of hearings are contained in such record. Counsel filed an affidavit in this court attesting to his appointment and that after examining the records of this case he was convinced that there was no basis for appeal. This court ordered the appeal be submitted.

Appellant's notice of appeal specifically sets forth Article 2, Section 24, Constitution of Arizona, A.R.S. as a basis for his appeal from the February 3, 1964 order of the

superior court. The section of our Constitution cited sets forth the rights of an accused in criminal prosecutions, which includes the right to defend in person and by counsel. He has also asserted his rights guaranteed by the Fourteenth Amendment, section 1, Constitution of the United States.

■ The record reveals that appellant specifically waived his right to counsel at his arraignment, at which time he also entered his plea of guilty to the charge. The record is silent as to any request for counsel at the hearing of February 3, 1964; however, this is of no consequence. This question has been decided by the federal courts in the cases of United States v. Huggins (C.A. Ind., 1950), 184 F.2d 866 and Gillespie v. Hunter (C.C.A. Kan., 1947), 159 F.2d 410. These cases held that where defendant upon arraignment waived his right to counsel, such waiver continued in effect throughout the proceedings and remained in effect when defendant was subsequently returned to court for violation of probation. A revocation of probation is a matter of discretion with the trial court, and a probationer brought before court for such a determination without being furnished counsel has not been deprived of his constitutional right.

■ It also stands uncontradicted in the record that appellant was convicted in Tucson on January 26, 1963, of driving while intoxicated, and further; that on December 7, 1963 he was arrested in Douglas for simple assault, posted bond of $25.00 and forfeited the same by not appearing.

Both of these incidents indicate violation of two of the original terms of probation, to wit: "he will be a law-abiding citizen" and, "he will not use or drink intoxicating liquor."

■■ We note that the original order of the trial judge was erroneous in that it ordered *execution* of the sentence suspended. Our probation statute, A.R.S. § 13–1657 A.1, provides in cases of this type only that, "[t]he court may suspend the *imposing* of sentence." The only cases in which execution of the sentence may be suspended are those in which, "the sentence is to pay a fine, and the defendant is imprisoned until the fine is paid." A.R.S. § 13–1657 A.2. In any event the only party prejudiced by this error is the state, and the defendant has no right to raise it. The court had no jurisdiction to suspend the execution of the sentence and such *suspension* was subject to vacation upon motion of the county attorney. State v. McKelvy, 30 Ariz. 265, 246 P.2d 550.

Having examined the record, we have found no reversible error. State v. Burrell, 96 Ariz. 233, 393 P.2d 921, July, 1964.

Judgment affirmed.

LOCKWOOD, V. C. J., and STRUCKMEYER, BERNSTEIN, and JENNINGS, JJ., concur.