488 P.2d 505

**STATE of Arizona, Appellee,**

v.

**Raul PEREZ, Appellant.**

**No. 1 CA–CR 295.**

**[Formerly Arizona Supreme Court No. 2162].1**

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 15, 1971.

Meadow, Cheche, Thrasher & Zalut, by Henry L. Zalut, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen., by Albert M. Coury, Asst. Atty. Gen., for appellee.

STEVENS, Presiding Judge.

The issue before the Court is the propriety of the sentence which was imposed after a purported granting of probation was revoked.

On 30 January 1969 an information was filed charging the appellant Raul Perez, (hereinafter referred to as the defendant), with the crime of forgery, an offense for which the maximum punishment is fourteen years in the Arizona State Prison. A.R.S. § 13–421. On 17 April 1969 the defendant entered a plea of guilty to the charge and the trial court's minutes reflect that the trial court then adjudged the defendant guilty and set a time for sentencing.

The defendant appeared before the trial court on 6 May 1969 and the minutes recite, in part:

"No legal cause appearing to the Court, and by reason of your plea of guilty, IT

---

1. This appeal was filed with the Arizona Supreme Court and assigned that Court's No. 2162. The matter was transferred to the Court of Appeals pursuant to A.R.S. § 12–120.23.

IS THE JUDGMENT of this Court that you are guilty of the crime of FORGERY, a Felony, and IT IS ORDERED that you be sentenced to the Arizona State Prison at Florence, Arizona for a term of not less than ten (10) years, nor more than fourteen (14) years, said sentence to commence as of the date of your delivery to the State Prison.

"IT IS FURTHER ORDERED suspending imposition of sentence for a period of ten (10) years, and placing the Defendant on probation under the terms and conditions specified * * *."

The record reflects that thereafter there was a series of court appearances, orders and revoking of orders and on 24 February 1970 the trial judge entered the order from which this appeal was taken. There are a number of phases of the proceedings which we do not discuss for the reason that we think it is not necessary to the determination of this appeal. The order above-referred to recites in part:

"IT IS ORDERED that the previous orders of the Court suspending sentence and placing the Defendant on probation are all vacated, and IT IS THE JUDGMENT AND SENTENCE of this Court that the Defendant be sentenced, and he hereby is sentenced, pursuant to the plea of guilty entered on April 17, 1969, to the Arizona State Prison at Florence, Arizona, for a term of not less than eight (8) years nor more than ten (10) years, sentence to commence as of the date of the Defendant's delivery to the State Prison, * * *."

Insofar as the record discloses the defendant had not entered the Arizona State Prison prior to the 24 February 1970 order.

Among the several issues raised on appeal was the refusal of the trial court to honor an affidavit of bias and prejudice which the defendant filed during the course of the procedural steps relating to the revocation of the purported probation.

At the close of the oral argument before this Court, the Court on its own motion raised three questions and requested additional briefs from counsel. These questions are:

"1. Was that portion of the 6 May 1969 order which commences, 'IT IS FURTHER ORDERED' valid or void?

"2. If void, can Mr. Perez now complain of the subsequent proceedings?

"3. The order of 24 February 1970 does not purport to vacate any portion of the order of 6 May 1969. Be that as it may, did the order of 24 February 1970 have the legal effect of modifying and reducing the sentence imposed on 6 May 1969, Mr. Perez being personally present and not having theretofore entered the Arizona State Prison pursuant to the criminal cause in question?"

Briefs have been received.

A.R.S. § 13–1652 provides in part:

"The term of imprisonment fixed by the sentence commences to run only upon actual delivery of defendant at the place of imprisonment, or from the time fixed by the court as the time when the term of imprisonment begins."

A.R.S. § 13–1657, prior to the 1970 amendment which became effective after 24 February 1970 and which amendment would not have affected this cause in any event, said section provided in part:

"A. If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be subserved thereby, the court may, in its discretion, place the defendant upon probation in the manner following:

"1. The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, not exceeding the maximum term of sentence which may be imposed, and upon such terms and conditions as the court determines, and shall place such person on probation, under the charge and supervision of the probation officer of the court during such suspension."

A pronouncement of sentence or in the alternative an order suspending the im-

position of sentence on conditions is purely statutory. The trial court must select one alternative or the other, except as provided in A.R.S. § 13–1657, subsec. A, par. 2, the provisions of which are not applicable here. See the cases of State ex rel. Ronan v. Stevens, 93 Ariz. 375, 381 P.2d 100 (1963); State v. Federico, 104 Ariz. 49, 448 P.2d 399 (1968); State v. Rhodes, 104 Ariz. 451, 454 P.2d 993 (1969); State v. Washington, 5 Ariz.App. 400, 427 P.2d 381 (1967) and State v. Van Meter, 7 Ariz. App. 422, 440 P.2d 58 (1968).

In State v. Edge, 96 Ariz. 302, 394 P.2d 418 (1964), we find a situation very similar to the case now under consideration. The basic difference· is that when the purported probation was revoked, the original sentence was allowed to stand and the action of the trial court was affirmed. We quote from Edge:

> "We note that the original order of the trial judge was erroneous in that it ordered *execution* of the sentence suspended. Our probation statute, A.R.S. § 13–1657 A.1, provides in cases of this type only that, '[t]he court may suspend the *imposing* of sentence.' The only cases in which execution of the sentence may be suspended are those in which, 'the sentence is to pay a fine, and the defendant is imprisoned until the fine is paid.' A. R.S. § 13–1657 A.2. In any event the only party prejudiced by this error is the state, and the defendant has no right to raise it. The court had no jurisdiction to suspend the execution of the sentence and such *suspension* was subject to vacation upon motion of the county attorney. State v. McKelvey, 30 Ariz. 265, 246 P. 550." (Emphasis Theirs) 96 Ariz. at 304, 394 P.2d at 420.

In the case now under consideration the county attorney, following the entry of the 6 May 1969 order, could have invoked Edge by moving to vacate the purported suspension.

In the case now under consideration there remains the question as to which sentence is the enforceable sentence of the trial court. Is it the 6 May 1969 sentence of 10 to 14 years or the 24 February 1970 sentence of 8 to 10 years?

The defendant had not entered upon the service of the sentence pronounced in May 1969, thus the rule set forth in State v. McKelvey, cited in Edge, that the partial execution of a sentence prohibits a later modification thereof is not applicable to the case at issue. He was personally before the court at the time of the February 1970 sentence. The State does not complain of the reduction of the term. We affirm the 1970 sentence.

We answer the foregoing questions as follows:

The answer to question number one is that the questioned portion is void. The answer to question number two is in the negative; and the answer to question number three is in the affirmative.

Affirmed.

CASE and DONOFRIO, JJ., concur.