Keith WARD, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 86–315.

Supreme Court of Wyoming.

April 15, 1987.

Ann M. Rochelle of Williams, Porter, Day & Neville, P.C., Casper, for appellant, submitted upon brief.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Gerald P. Luckhaupt, Asst. Atty. Gen., Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

The court is asked in this appeal the sole question of whether or not a district court has jurisdiction to grant an annulment of a guilty plea conviction under the current Wyoming statutory scheme after a sentence has already been imposed.

The facts in this case are relatively simple and undisputed. On October 5, 1984, appellant, Keith Ward, entered a guilty plea to a charge of third degree arson, § 6–3–103, W.S.1977 (June 1983 Replacement), pursuant to a negotiation agreement. Thereafter, a presentence investigation was completed, a sentence hearing was conducted and appellant was sentenced to serve a term of not less than twelve months and not more than fifteen months in the Wyoming State Penitentiary.

However, execution of the sentence was suspended by the district court and appellant was ordered to serve six months in the county jail and placed on one year unsupervised probation. Furthermore, on March 18, 1985, the district court granted appellant's motion for sentence reduction, reduced his jail sentence to seventy-nine days or time served and placed him on one year unsupervised probation.

More than one year later, on May 21, 1986, after successful completion of the probationary period, appellant moved the district court to annul his conviction pursuant to § 7–13–203, W.S.1977. The district court denied the motion stating:

"1. The Court does not have jurisdiction to annul the guilty plea at the present time.

---

"2. Should the Court have the power to annul the guilty plea, the Court would so do."

Appellant raises one issue on appeal with which appellee essentially agrees as follows:

"Does the * * * District Court have jurisdiction to annul Appellant's plea of guilty pursuant to Wyo.Stat. § 7–13–203 (1977) when Defendant was not originally sentenced pursuant to Wyo.Stat. § 7–13–203 (1977)?"

We affirm.

Primarily in this case, it is important to recognize that "the authority over sentencing comes from the legislature." *Hicklin v. State*, Wyo., 535 P.2d 743, 752 (1975) citing in fn. 7 *Affronti v. United States*, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed.2d 62 (1955); *Andrus v. Turner*, 421 F.2d 290 (10th Cir.1970); *State v. Perez*, 15 Ariz. App. 300, 488 P.2d 505 (1971); *In re Gutierrez*, 82 Ariz. 21, 307 P.2d 914, *cert. denied*, 355 U.S. 17, 78 S.Ct. 79, 2 L.Ed.2d 23 (1957); *Pete v. State*, Alas., 379 P.2d 625 (1963); and *State v. Smith*, 83 Okl.Cr. 188, 174 P.2d 932 (1946).

" 'The power to determine what acts shall constitute crimes, and what acts shall not, and to prescribe punishment for acts prohibited belongs to the legislative branch of government. This power is said to be inherent in the state legislature and it is also comprehended in the general grant of legislative power contained in the state constitution. The power is exclusive and is not shared by the courts. So long as constitutional prohibitions are not infringed, the will of the legislature in this respect is absolute. But the power to define crimes is of course subject to the limitations contained in state and federal constitutions.' 21 Am.Jur.2d Criminal Law § 14 (1965). "See 22 C.J.S. Criminal Law § 13 (1961). Art. 3, § 1 of the Wyoming Constitution vests the legislative power of the state in 'the legislature of the State of Wyoming,' and Art. 2, § 1 of that constitution prohibits the exercise of the powers of one department (legislative, executive and judicial) of the government by another department of it." *Sorenson v. State*, Wyo., 604 P.2d 1031, 1036–1037 (1979). Furthermore, the inherent right of the legislature to prescribe sentence includes the right to specify the bounds in which probation, parole or sentence annulment may be granted. See, *King v. State*, Wyo., 720 P.2d 465 (1986); *Peterson v. State*, Wyo., 586 P.2d 144 (1978); *Sorenson v. State*, supra; *Hicklin v. State*, supra. Therefore, in this instance, we must inquire into the intent of the legislature and defer to their statutory enactments.

It has long been recognized that in constructing legislative intent that the words employed by the legislature in announcing the law must be given their plain and ordinary meaning. *Scadden v. State*, Wyo., 732 P.2d 1036 (1987); *McArtor v. State*, Wyo., 699 P.2d 288 (1985); *Hurst v. State*, Wyo., 698 P.2d 1130 (1985). Therefore, we look to § 7–13–203, W.S.1977, in that light, which provides:

"Parole *before sentence;* generally; terms and conditions; discharge; revocation of parole and imposition of sentence.

"If any person is found guilty of or pleads guilty to any felony except murder, sexual assault in the first or second degree or arson of a dwelling house or other human habitation in the actual occupancy of a human being, the court shall ascertain whether the offense of which the accused is guilty is his first offense, the extent of moral turpitude involved in the act committed, and other facts and circumstances relating to the accused as he may desire to know. If the court is satisfied that he was a person of good reputation before the commission of the offense charged and had never before been convicted of any felony, and that if permitted to go at large would not again violate the law, the court may in its discretion, by an order entered of record, *delay passing sentence* and then parole the person and permit him to go at large upon his own recognizance, conditioned that he will personally appear and report to the court twice in each year at times and places fixed in the order and that he will demean himself while at large in a law-abiding manner and live a worthy, re-

spectable life, and that he will not leave the state without the consent of the court. The court, if satisfied at the time of appearance, that the person had demeaned himself in a law-abiding manner and lived a worthy, respectable life, may by an order of record, continue parole for the period of five (5) years, at the expiration of which the court shall enter an order finally discharging the person, and no further proceedings shall be had upon such verdict or plea. At any time after the expiration of one (1) year from the date of the original parole the court shall have the power in its discretion to terminate parole and finally discharge the person and annul the verdict or plea of guilty. At any time before the final discharge of the person that the court believes that the paroled person has attempted to leave the state or failed to comply with the terms of his parole the court shall cause a warrant to issue for the apprehension and arrest of the person and require him to be brought before the court. The court shall inquire into his conduct since his parole, and if satisfied from the inquiry that the person has violated the terms of his parole and recognizance, the court may impose sentence upon the verdict or plea against him in the manner and to the same extent *as though the passing of sentence had not been delayed* and the person had not been paroled or permitted to go at large." (Emphasis added.)

Upon plain reading of § 7–13–203 it is apparent that the legislature intended that section to be applicable in instances only where a sentence had not already been imposed. We stated in *King v. State,* supra, that § 7–13–203 does not provide for imposing a sentence.

Further, nothing in the sentencing or reduction of sentencing hearing suggests that an annulment under § 7–13–203 was bargained for or contemplated. While we find appellant's post-conviction efforts commendable,[1] the fact remains that sentence was imposed. In that event § 7–13–110 is unavailable for an annulment. Appellant

was sentenced under § 7–13–110, W.S.1977 (Cum.Supp.1984), and that statute does not provide for annulment. In the circumstances here, annulment of conviction may only be obtained through gubernatorial pardon as provided in Art. 4, § 5 and §§ 7–13–804, W.S.1977, et seq.

Finding that the legislature intended that § 7–13–203 not be applicable in situations where a sentence has been imposed, we must affirm the district court's order.

---

1. The record shows that after conviction appellant served his prison sentence and probation period without circumstance, and further, is currently making an effort to gain his undergraduate teaching degree and again become a responsible and productive member of society.