Steve E. WILCOXSON,
Appellant (Petitioner),

v.

EMPLOYMENT SECURITY COMMIS-
SION OF WYOMING and Arch of Wyo-
ming, Inc., Appellees (Respondents).

No. ·87–103.

Supreme Court of Wyoming.

Aug. 28, 1987.

Rehearing Denied Sept. 30, 1987.

J. Dudley Butler, of Skiles, Hageman & Butler, Laramie, for appellant.

Joe Scott, Sp. Asst. Atty. Gen., Casper, for appellee Employment Security Com'n of Wyoming.

Catherine MacPherson, of Johnson, Mac-Pherson & Noecker, Rawlins, for appellee Arch of Wyoming, Inc.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

In this case, we are concerned with an order of the district court which upheld the determination by appellee Employment Security Commission of Wyoming (Commission) that appellant Steve E. Wilcoxson was disqualified from receiving unemployment benefits because his unemployment was the result of a work stoppage caused by a labor dispute.

We affirm.

Wilcoxson was employed on an hourly basis by appellee Arch of Wyoming, Inc. (Arch) as a dragline operator at the Seminoe II mine in Hanna, Wyoming. He and other employees at the mine voted to become a separate bargaining unit for purposes of renegotiating the collective bargaining agreement scheduled to expire on June 30, 1986. This bargaining unit was called the Arch Mineral Company Employees Association (AMCEA).

Beginning July 15, 1986, AMCEA met with Arch for the purpose of negotiating an acceptable agreement. An agreement was not negotiated, and on August 25, 1986, Arch began a lockout of the employees who were members of AMCEA.

As a result of the lockout, Wilcoxson became unemployed, and he applied for unemployment benefits. These benefits were denied pursuant to § 27–3–313(a)(i), W.S. 1977, because his unemployment was due to a work stoppage resulting from a labor dispute. He protested the denial, and a redetermination affirmed the action. A hearing was held thereafter before the chief appeals examiner for the Commission, and the disqualification was again upheld. Still not satisfied, Wilcoxson appealed directly to the Commission, and the Commission affirmed the examiner's decision. Wilcoxson then petitioned the district court for review, and that court also upheld the decision. This appeal followed.

It has long been recognized that, in construing legislative intent, the words employed by the legislature in announcing the law must be given their plain and ordinary meaning. *Ward v. State*, Wyo., 735 P.2d 707 (1987); *Scadden v. State*, Wyo., 732

P.2d 1036 (1987). Therefore, we look to § 27–3–313(a)(i) in that light. This section provides in applicable part:

"[A]n individual shall be disqualified from benefit entitlement if:

"(i) Total or part total unemployment for any week is due to work stoppage resulting from a labor dispute on the employment premises at which he was last employed."

Upon a plain reading of § 27–3–313(a)(i), it is clear the legislature intended that, if unemployment is due to a work stoppage resulting from a labor dispute, the individual is disqualified from receiving unemployment benefits. This Court will not read into laws words which are not there. *Johnston v. Board of Trustees, School District #1 West, Sheridan County, Wyoming*, Wyo., 661 P.2d 1045 (1983). Absent some indication from the legislature that it intended to fund unemployment compensation for locked out employees such as Wilcoxson, this Court will not extend coverage.

All 50 states have some sort of labor dispute disqualification provision in their unemployment compensation statutes. *Twenty-Eight Members of Oil, Chemical and Atomic Workers Union, Local #1–1978 v. Employment Security Division of Alaska Department of Labor*, Alaska, 659 P.2d 583 (1983). Those states which exclude lockouts from their disqualification provisions have so indicated by express language. E.g., 17A M.S.A. § 268.09, Subd. 3 (1986); Ohio Rev.Code Ann. § 4141.-29(D)(1)(a) (1983); 43 P.S. § 802(d) (1964). If the legislature had intended to exclude lockouts from the Wyoming Employment Security Law, it would have done so. *Local 7–641, Oil, Chemical & Atomic Workers International Union, AFL–CIO v. Department of Labor*, 96 Ill.2d 94, 70 Ill.Dec. 260, 449 N.E.2d 134 (1983); *Smith v. Michigan Employment Security Commission,* 410 Mich. 231, 301 N.W.2d 285 (1981), aff'd sub nom. *Doerr v. Universal Engineering Division, Houdaille Industries, Inc.,* 414 Mich. 1101, 322 N.W.2d 711 (1982).

Pursuant to the 1977 Wyoming Session Laws, Chapter 156, Section 3, the provisions of the Wyoming Employment Security Law must conform with federal law. Under federal law, a labor dispute "includes any controversy concerning terms or conditions of employment." 29 U.S.C. § 113(c) (1982). See also 29 U.S.C. § 152(9) (1982). A controversy is a dispute arising between two or more persons. *Becker v. Hopper*, 23 Wyo. 209, 147 P. 1085 (1915). In this case, Arch and AMCEA had not agreed to a new labor contract when Arch instituted the lockout, and such a controversy or "labor dispute" existed.

We hold that the intent of the legislature was to include the term "lockout" within the language "work stoppage resulting from a labor dispute" as provided in § 27–3–313(a)(i). Sufficient evidence supports the fact finder's determination that a labor dispute existed in the instant case. Thus, the district court did not err in affirming the Commission's determination that Wilcoxson was not entitled to unemployment compensation.

Affirmed.