OPINION AND ORDER
Appellant seeks reversal of her conviction for assault and battery. We address whether there was an improper waiver of Appellant’s right to counsel.

FACTUAL AND PROCEDURAL BACKGROUND

Arising from a physical confrontation between Marjorie Harvey (“Appellant”) and Susie Pooyouma, Appellant was found guilty of assault and battery by bench trial on January 23, 1989. Before trial, on October 21, 1988, Appellant completed the Legal Rights Form to indicate her decision to either waive right to counsel or to retain lay counsel or an attorney. In response to the question, “Do you want legal counsel for this arraignments:”, Appellant simply wrote in the margin, “I have counsel Joe W. Washington.” She did not answer either “Yes” or “No.” No record of the arraignment is available.
The appeal stems from certain alleged procedural and representative deficiencies. Appellant argues that the Tribal Court improperly denied her right to counsel by securing an improper waiver. She further argues that she was not effectively represented by lay counsel both before and during the trial. Finally, Appellant maintains that the Tribal Court had insufficient evidence to sustain her conviction for assault and battery.

DISCUSSION

I. THE TRIBAL COURT MUST EXPLAIN THE DEFENDANT’S RIGHT TO COUNSEL AND PROVIDE AN OPPORTUNITY TO RETAIN AN ATTORNEY OR TO ACT PROSE
Before we can decide whether Appellant waived her right to counsel, we *272 will proceed to set out the scope of the right. Neither Hopi nor United States Constitutional or statutory law affirmatively guarantee an unconditional right to counsel for criminal defendants charged with crimes under Hopi law. But the Indian Civil Rights Act of 1968 (“ICRA”) provides limited protection. “No Indian tribe in exercising powers of self-government shall ... deny to any person m a criminal proceeding the right ... at his own expense to have the assistance of counsel for his defense.” 25 U.S.C. § 1302(6) (1988) (emphasis added). That part of the Hopi Ordinance dealing with the right to counsel tracks this language.[1] It is well settled that Indian defendants are not guaranteed the right to counsel analogous to the Sixth Amendment right to counsel afforded criminal defendants in state and federal courts.
Congress in enacting the Indian Bill of Rights did not intend to require the Indian tribal courts to provide counsel for indigent defendants in criminal cases. Since 25 U.S.C. § 1302(6) specifically provides that a person may have counsel at his own expense, the due process of law language used in § 1302(8) cannot be construed to mean that a person is entitled to appointed counsel.
Tom v. Sutton, 533 F.2d 1101, 1104 (9th Cir.1976). If an Indian defendant cannot afford to retain an attorney, the Hopi Tribe is not compelled to provide counsel as a matter of federal law.
Of course, the Tribe can provide more than Hopi and federal law minimally require. Recently, the Tribe procured a public defender program. That the Tribe provides these services raises the question of whether the Tribe is now duty-bound to maintain these services. We think not. The Hopi Tribal public defender program functions as a form of social welfare. Public defense is no more an obligation than tribally subsidized housing or scholarship outlays. If the indigent criminal defendant wishes to benefit from the public defender program, it is the responsibility of that defendant to seek out such services. The provision of public defender services may be contingent upon a showing of economic need or other criteria by the Tribal Council or administering program. If, in the future, funds are not available to continue providing public defender services to indigent defendants, the Tribe will be violating no Hopi Constitutional or federal principle by depriving these services.
Nevertheless, under Hopi Tribe v. Am% 0598/89, AP-003-89 (1996), the Tribal Court at a minimum must explain the effect of proceeding without legal counsel and give the defendant a choice between retaining professional legal counsel at the defendant’s own expense, seeking representation through the public defender program, or acting pro se. Id. at 5. We now apply this standard.
II. APPELLANT DID NOT KNOWINGLY WAIVE HER RIGHT TO COUNSEL
The Tribal Court should have determined whether Appellant understood her right to retain counsel at her own expense or to represent herself. Ami set out two requirements which upon satisfying demonstrate that the defendant understood the effect of proceeding without counsel and was cognizant of her choices. First, the defendant must signify her understanding by completing the Legal Rights Form. Second, the Tribal Court must conduct an “active inquiry” to explain *273 the legal effect of waiving the right to counsel, to describe her available options to retain an attorney, to retain lay counsel, or to act pro se, and finally to determine if she understands the significance of her actions. Ami at 9.
Harvey improperly completed the legal rights form, and it was error on the Tribal Court’s part to aecept the improperly completed form as an expression of Harvey’s knowing waiver. Failure to answer either “Yes” or “No” in response to the question of whether she wanted legal counsel for the arraignment on the Legal Rights Form is strong indication that the Appellant did not understand the legal effect of answering the question. Conceivably, her written response is consistent with either a “Yes” or “No” response. She could have meant that “Yes”, she wanted legal counsel for the arraignment. She could have meant “No”, she had no need for legal counsel because she had already retained Washington. She might have believed that there was no need to answer the question because she had already retained Washington. Whether Appellant intended the latter two interpretations we cannot be sure. Because Appellant’s answer is unclear, we will presume that she did not understand the effect of waiving her right to counsel at her own expense and more importantly that she did not knowingly waive her right to counsel.
The Legal Rights Form was deficient in other respects. It failed to inform the defendant that she could have been represented by a publie defender provided certain criteria were met. It failed to indicate the criteria necessary for public defender services. It failed to inform the Appellant that she could have been represented by an attorney at her own expense or to proceed without counsel. Finally, it failed to define “legal counsel.” As a consequence, the Appellant could not know whether her right to retain counsel referred to her right to retain an attorney or to retain lay counsel.
Moreover, we are unable to determine whether the Appellant waived her right to counsel on the basis of any “active inquiry” by the Tribal Court. Based on the available record, there is nothing to indicate that any “active inquiry” was conducted at arraignment. It is possible that this portion of the record is lost or destroyed, that the Tribal Court did not conduct the inquiry on the record, or that Harvey was never questioned in the first place. As we indicated in Ami, “[t]he Legal Rights Form is not a substitute for an active inquiry by the trial judge.... [T]he trial judge must make a comprehensive investigation in order to ensure that the defendant has made a knowing waiver.” Id. at 9-10. Without any proof that the inquiry was conducted, we must presume that the Appellant’s right to counsel was improperly waived.

ORDER OF THE COURT

Failing to satisfy the Ami requirements, we conclude that the Appellant did not understand the significance of waiving her right to counsel or the options available to her. On this basis alone, Appellant’s conviction is reversed. We need not address the issues of effective assistance of counsel or sufficiency of evidence. Judgment is hereby REVERSED.

. “In all criminal prosecutions, the accused Indian shall have the right to defend himself in person or, at his own expense, by counsel.” Hopi Ordinance 21, § 2.8.5.