Opinion and Order

EMORY SEKAQUAPTEWA, Judge.
The essence of this appeal is whether the Trial Court erred in allowing a probation violation hearing to proceed after' the defendant indicated his intention to proceed without counsel, who had already been retained at his own expense. Appellant seeks to vacate sentence and dismiss charges for reason of improper waiver of right to counsel.

Factual and Procedural Background

On July 1, 1994 the defendant was charged with sexual conduct with a minor, violating Hopi Ordinance 21, section 3.3.11. On July 10, 1996 Hopi Tribe and defendant signed a plea agreement and defendant was ordered to spend 365 days in jail and pay $25.00 court costs. He was given credit for having served 137 days. The remaining 228 days were suspended in lieu of twelve months supervised probation.
After the sentence was imposed the attorney of record filed two motions to withdraw as counsel. The first was denied *360 because the term of probation had not expired and the second was denied because a warrant for arrest of the defendant was outstanding. After allegedly violating the conditions of his probation, the Prosecutor filed a motion for revocation of the probation on April 29, 1997. Arraignment was set for December 17, 1997. Although counsel was present at that hearing, defendant failed to appear on time.
The arraignment was rescheduled and did not occur until January 12, 1999. At that time, defendant appeared without the counsel he had retained. Counsel swore, through affidavit, that he was expecting to be notified in the event that his client turned himself in or was arrested. At that arraignment, the defendant entered a guilty plea and the Trial Court sentenced him to serve the balance of the 228 days remaining under his suspended sentence under Ordinance 21, Section 2.13.2.
A motion to substitute counsel was filed and granted on February 8, 1999. A Notice of Appeal was filed on August 11, 1999. Grounds for appeal were the Tidal Court’s denial of defendant’s right to assistance of counsel and acceptance of an invalid guilty plea. According to the Appellant, the Trial Court violated the Hopi Constitution, the United States Constitution, the Indian Civil Rights Act, Hopi Oi'dinance 21, The Hopi Tribe v. The Consolidated cases of Ami, Gishey & Pavatea, AP-002-89, AP-003-89, AP-004-89 (1996), and Harvey v. The Hopi Tribe, 1 Am. Tribal Law 270, Ap-001-89, 1997 WL 34678784 (1997) by allowing the hearing to proceed without defendant’s counsel and accepting his guilty plea.

DISCUSSION

On appeal, this Court is asked to interpret the scope of the fundamental right to counsel and the procedures necessary to waive that right. The right to counsel given to a criminal defendant comes from several different legal authorities. Hopi Tribal Counsel Resolution H-12-76 insti'ucts the Hopi Courts to look at seven authorities when deciding on substantive and procedural matters of law. Under Section 2(a) of Resolution H-12-76, the Hopi Constitution and By-laws, Ordinances of the Hopi Tribal Council and the custom, traditions and culture of the Hopi Tribe are mandatory authorities. See Tribe v. Makhewa AP-008-93, p. 4. Federal, State and common law are merely persuasive authority. The Hopi Courts have the discretion to apply Federal law, State law, a combination of both, or neither when Hopi law and custom is not on point. See Makhewa.
I. Right to Counsel
Under the Indian Civil Rights Act and Hopi Ordinance 21, a criminal defendant is entitled to counsel at his own expenses. The issue on appeal is whether the Trial Court, by conducting a hearing without defendant’s known counsel present at arraignment violated Hopi Ordinance 21.
The Hopi Constitution, Hopi In-dian Rules of Civil and Criminal Procedure and Hopi Ordinance 21 do not explicitly answer the question of whether the presence of known counsel at arraignment is part of the right to counsel. The legal history of the ICRA leads one to the conclusion that the purpose and scope of ICRA is similar, but not identical to that of the United States Constitution. While ICRA guarantees almost all the fundamental rights enumerated in the U.S. Constitution, a tribe is not obligated to provide legal counsel free of charge to a criminal defendant. Under ICRA, defendants in criminal proceedings have the right to counsel at their own expense. Hopi Oi'di-nance 21 provides a nearly identical right. Thus, a criminal defendant’s right to coun *361 sel is similar to but not identical to a criminal defendant’s right to counsel under Federal and State law.
Under federal law, the presence of counsel is not required when the defendant insists on representing himself. In Tom v. Sutton, the Court denied the defendant right to appointed counsel because defendant insisted on representing himself despite the warnings of the trial judge. Defendant was denied appointed counsel and forced to abide by the consequences of his own informed actions. See Tom v. Sutton, 533 F.2d 1101 (9th Cir.1976).
Under federal law, the presence of counsel at arraignment is not required in tribal court either. In United States v. Ant, a Northern Cheyenne Tribal Court convicted a defendant after he plead guilty to the offense without counsel to represent him. The right to counsel at the Northern Cheyenne Tribe is a right provided at one’s own expense. The Court held that an uncounseled guilty plea, made in tribal court, is in accordance both with tribal law and the ICRA. See United States v. Ant, 882 F.2d 1389 (9th Cir.1989)
Under Hopi law, a criminal defendant may waive his right to counsel. In Ami v. Hopi Tribe, this court established the procedures necessary for a defendant to do so. These procedures are binding where a defendant wishes to waive his right to counsel and the burden lies with the Court to ensure that these standards are met.
The Appellant had counsel at trial and at sentencing for the original offense. His counsel was also present at the first scheduled hearing for the probation violation. The next step is to determine whether the right to counsel includes the right to presence of known, or in other words retained, counsel at critical stages in criminal proceedings. In this case, the criminal defendant appeared without counsel at a probation violation hearing.
The Hopi Constitution and ByLaws, Hopi Ordinance 21, Hopi Indian Rules of Civil and Criminal Procedure and ICRA do not explicitly answer the question of whether the right to counsel at one’s own expense includes the right to counsel at a probation violation hearing. The Constitution of Arizona’s Declaration of Rights and State Rules of Criminal Procedure provide the accused in criminal prosecution with the right to counsel at critical stages in criminal proceedings. See State ex rel. Webb v. City Court of City of Tucson, Pima County, 25 Ariz.App. 214, 542 P.2d 407 (1975). See State v. Edge, 96 Ariz. 302, 394 P.2d 418 (1965). It has been held that a hearing on revocation of probation is a critical stage in a criminal proceeding, at which the accused is entitled to counsel. See State v. Lindsay, 5 Ariz.App. 516, 428 P.2d 691 (1967). However, a defendant in Arizona court may waive his right to counsel and appear at arraignment without counsel. See State v. Edge, 96 Ariz. 302, 394 P.2d 418.
Under Hopi Law, it is clear that a defendant has the right to counsel at his own expense. This right to counsel is not extinguished merely because the proceeding at issue is a hearing on revocation of probation. The standards set forth in Ami still apply to such hearings.
II. Waiver Of The Right To Counsel
The issue of denying defendant his right to counsel was raised in Ami v. Hopi Tribe, 0598/89 AP003-89 (1996). This Court held that if the defendant did not properly waive his right to counsel, the conviction must be reversed since the right to counsel is essential to achieve substantial justice in criminal proceedings. This court set forth explicit standards for a *362 valid waiver of a defendant’s right to counsel. If the Trial Court met the standards of Ami, its decision will be upheld. If it did not, its decision will be reversed.
Under Ami, Hopi Ordinance 21 requires that the trial court implement procedures to ensure that a defendant make a “knowing, intelligent and voluntary” waiver of right to counsel. Ami relied upon federal and state interpretations to establish that a valid waiver required that:
1. The defendant must signify understanding of the right by completing the Legal Rights Form
2. The trial Court must conduct an “active inquiry” to explain the legal effect of waiving the right, describe available options to retain an attorney, lay counsel or to act pro se, and finally determine if he understands the significance of the action.
The Legal Rights Form must state that the defendant has the right: (1) to be represented by a public defender when the defendant qualifies; (2) to be represented by an attorney or an advocate at one’s own expense; and (3) to represent one’s self without counsel. In addition to these rights, the form should also outline the consequences of representing one’s self without counsel. The defendant should be warned: (1) that advocates understand the law and procedure better than the defendant; (2) that the defendant will be at a disadvantage without counsel; and (3) the possible maximum of fines or sentences. The defendant’s signature on the Legal Rights Form does not presumptively establish a valid waiver of the right to counsel. See Ami p. 9. The absence of that form in the record is enough to cause this court to reverse the defendant’s conviction.
However, the Legal Rights Form is not a substitute for “active inquiry” by the trial judge. An “active inquiry” is necessary to insure that the defendant understand the questions. The trial judge must, make a comprehensive investigation during which the trial judge can insure that the defendant had the capacity to make a knowing, intelligent and voluntary waiver.
In this “active inquiry” the judge will: (1) tell the defendant that an advocate or attorney knows the law and the procedure better than the defendant and that the defendant will be at disadvantage without counsel; (2) mention the possible maximum consequences in fines or sentences; (3) inform the defendant of the availability of a public defender and ask him if he wishes to pursue this option; (4) ensure that the defendant has the capacity to understand the judge; (5) tell the defendant that the court wall require the same level of legal skill from the defendant that it requires from an attorney; (6) ensure that the defendant was not coerced into making the plea; (7) explain the charges and possible defenses to the charges; and (8) ask the defendant if he knowingly waives the rights to obtain an attorney or lay advocate at his own expense. These requirements must be met in all cases. See Ami, p. 10.
The Court’s records should show proof that an “active inquiry” was conducted, without proof on the records of such an inquiry, the Hopi Court of Appeals will presume that the right was improperly waived. See Harvey v. Tribe, 1259/88, AP-001-89 (1997).
The Trial Court conducted the arraignment without presence of defendant’s known counsel. Defendant was represented by counsel and two motions filed by counsel to withdraw were denied by the Trial Court. The Trial Court was aware of defendant’s representation by counsel and counsel had intentionally not been re *363 lieved from his duty to represent defendant. Under such circumstances, the Court must take special care in conducting an “active inquiry” to insure that the defendant fully understands the consequences of his decision to waive his right to counsel and the consequences of that decision.
Defendant in this case claimed in his motion to vacate sentence and dismiss criminal charges that his right to counsel was violated by the Trial Court. The Trial Court did not send any notice to defendant’s known counsel about the probation revocation hearing. There is no written record in the Court’s file indicating whether defendant waived his right to counsel. The Legal Rights Form used to accept a defendant’s waiver of counsel is absent from the file. However, the “active inquiry” made by the Trial Court in order to insure that the defendant understood that both the nature and the consequences of his waiver of his right to counsel was sufficient to meet the standards under Ami.
Under the Ami standard, the judge needs to be assured that the defendant understands the waiver of right to counsel. The judge needs to be assured that the defendant understands each of the eight prongs set forth under Ami In this case, the defendant’s original counsel was a public defender. Thus, the requirement under an “active inquiry” that the defendant be informed of the availability of a public defender had been met even though the judge did not inform the defendant at hearing of that right. The judge does not need to ask questions already answered by the defendant’s conduct and answers at trial. In this case, the defendant requested that he be allowed to serve his sentence 2 to 1. Testimony of Defendant, Court Transcript. Under Ami, the judge may draw reasonable conclusions from the testimony of the defendant in conducting an “active inquiry.” Thus, in this case it is sufficient for the judge to explain that the maximum possible sentence was 228 days and leave it at that because the defendant clearly understood the full implications of that sentence as indicated by the transcript. However, mere recitation of the sentence is not always sufficient to meet the “active inquiry” standard. The judge may draw conclusions about the sophistication of the defendant from the history of the case and observations of the defendant in determining how to conduct an “active inquiry” that will meet the Ami standard. The only inquiry that the Trial Court made during the hearing consisted of a series of questions.
The minimum standard of waiver that the Court has established is that a waiver of an attorney or lay counsel must be made knowingly and intelligently. Simply asking defendant whether the defendant gives up then' right to counsel is not always sufficient nor is it always insufficient. In determining whether an “active inquiry” was made, this court will look to the totality of the record. An “active inquiry” is designed to assure that the defendant understood the consequences of his waiver of his right to counsel. The Trial Court must insure that defendant understands those consequences. In some cases, that must be accomplished by reading all eight questions under the “active inquiry” standard. In others, the Trial Court may skip those questions that the judge is sure that the defendant already understands as obseived from the record or the defendant’s conduct at trial.
The Hopi Court of Appeals established the standards for a valid waiver in Hopi Tribe v. Ami. A valid waiver requires that defendant signifies understanding of the right to counsel by completing the Legal Rights Form and the trial Court must conduct an “active inquiry” to explain the *364 legal effect of waiving the right, describe available options to retain an attorney, lay counsel or to act pro se, and finally determine if he understands the significance of the action.

Conclusion

Defendant in this case had known and retained counsel. The Trial Court was aware of defendant’s representation and allowed him to dismiss that counsel. By conducting a probation violation hearing without defendant’s counsel present, the Trial Court assumed the burden of conducting an “active inquiry.” In order to fulfill that burden, the Trial Court must insure that all eight factors of the active inquiry were fully understood by the defendant. In doing so, the Trial Court need not explicitly ask questions but may draw inferences from the record and the conduct of the defendant. However, the absence of the Legal Rights Form is reversible error.

ORDER OF THE COURT

The Hopi Court of Appeals hereby reverses the conviction of the appellant.